IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

DEERE & COMPANY, a Delaware )
corporation, ) C.A. No. N13C-07-330 JTV
)
Plaintiff, )
)
v. )
)
EXELON GENERATION )
ACQUISITIONS, LLC, a Delaware )
limited liability company, )
)
Defendant. )

Submitted: March 21, 2014
Decided: June 24, 2014

Peter J. Walsh, Jr., Esq., and Matthew F. Davis, Esq., Potter, Anderson & Corroon, Wilmington, Delaware. Attorneys for Plaintiff.

Sean J. Bellew, Esq., Ballard Spahr, Wilmington, Delaware. Attorney for Defendant.

*Upon Consideration of Plaintiff's*
*Motion For Reargument Pursuant to Rule 59(e)*
***DENIED***

**VAUGHN, President Judge**

*Deere v. Exelon*
C.A. No. N13C-07-330 JTV
June 24, 2014

## ORDER

Upon consideration of the plaintiff's Motion for Reargument, the defendant's opposition thereto, and the record in this case, it appears that:

1.     The plaintiff, Deere & Company, has moved for reargument of the Court's March 7, 2014 opinion which dismissed Deere's claim for breach of the implied covenant of good faith and fair dealing. Deere argues that this Court misapprehended the relevant underlying conduct which provided the basis for Deere's implied covenant claim.

2.     A motion for reargument seeks reconsideration of findings of fact, conclusions of law, or judgments of law.[1]  A motion for reargument will be denied unless the moving party has demonstrated that the court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2]  Specifically, "[a] motion for reargument should not be used merely to rehash the arguments already decided by the Court, nor will the Court consider new arguments that the movant could have previously raised."[3]

3.     Deere contends that Exelon's refusal to compensate Deere for use of a power purchase agreement, not Exelon's alleged relocation of the Blissfield Wind Project, formed the basis of Deere's breach of the implied covenant claim.  Further,

_____

[1]  *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969).

[2]  *First Bank of Delaware, Inc. v. Fidelity and Deposit Co. of Maryland*, 2013 WL 6407603, at *1 (Del. Super. Dec. 4, 2013).

[3]  *Id.*

2

*Deere v. Exelon*
C.A. No. N13C-07-330 JTV
June 24, 2014

Deere contends that facts pertaining to Exelon's refusal to compensate Deere for the use of the power purchase agreement were adequately pled in the complaint, demonstrate unreasonable or arbitrary conduct, and set forth a valid claim for breach of the implied covenant. Deere requests that its implied covenant claim be permitted to proceed.

4. In my March 7, 2014 opinion, I dismissed Deere's claim for breach of the implied covenant because Deere did not plead facts to demonstrate that Exelon acted arbitrarily and unreasonably thereby frustrating the fruits of the bargain which Deere reasonably expected. The implied covenant of good faith and fair dealing is a "cautious enterprise" that only very narrowly applies in limited situations. In dismissing Deere's claim, I recognized and considered Deere's argument but ultimately concluded that Deere did not meet the necessary pleading standard.[4] I am not persuaded that I misapprehended the law or the facts in this case in any cognizable way.

5. Since Deere has not met the standard for granting a motion for regargument, the motion is ***denied***.

**IT IS SO ORDERED**.

                                    /s/    James T. Vaughn, Jr

oc:    Prothonotary
cc:    Order Distribution
          File

---

[4] "Count II alleges that Exelon breached the implied covenant of good faith and fair dealing by failing to compensate Deere for the use of the power purchase agreement." *Deere & Co. v. Exelon Generation Acquisitions, LLC*, 2014 WL 904251, at *2 (Del. Super. Mar. 7, 2014).