IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

INCYTE CORPORATION,                    )
                                       )
         Plaintiff,                    )
                                       )
     v.                                )    C.A. No. N15C-09-055 MMJ CCLD
                                       )
FLEXUS BIOSCIENCES, INC.,              )
TERRY ROSEN, and JUAN JAEN,            )
                                       )
         Defendants.                   )

Submitted: May 19, 2016
Decided:  May 26, 2016

On Defendants' Motion for Reargument
**DENIED**

**<u>ORDER</u>**

Richard H. Cross, Jr., Esq. (Argued), Joseph Grey, Esq., Christopher P. Simon, Esq., Cross & Simon, LLC, Attorneys for Plaintiff

Jonathan A. Patchen, Esq. (Argued), Taylor & Company Law Offices, LLP, Patricia Carson, Esq. (Argued), Daniel Forchheimer, Esq., Leora Ben-Ami, Esq., Ashley Borom, Esq., Kirkland & Ellis LLP, Gregory V. Varallo, Esq., C. Malcolm Cochran, Esq., Katharine Lester Mowery, Esq., Richards Layton & Finger, P.A., Attorneys for Defendants

JOHNSTON, J.

1.      By Opinion dated April 19, 2016, the Court granted in part and denied

in part Defendants' Motion to Dismiss. The Court held:

> Counts II and V of the Complaint directly implicate the Confidentiality Agreement between Incyte and Dr. Fridman.  These counts raise allegations of substantially interdependent and concerted misconduct by both Defendants (nonsignatories) and Dr. Fridman (a signatory).  Arbitration is appropriate as to these counts because Incyte's claims against Defendants arise out of and relate directly to the Confidentiality Agreement between Incyte and Dr. Fridman.  The doctrine of equitable estoppels applies.  Thus, the Court lacks jurisdiction over these claims.  Counts II and V must be dismissed.
>
> Counts I, III, and IV of the Complaint do not relate directly to the Confidentiality Agreement.  The resolution of these claims does not depend on parsing out the terms of the agreement.  Counts I, III, and IV will not be dismissed.
>
> Resolution of Counts I, III, and IV of the Complaint is not dependent on a determination of whether Dr. Fridman breached the Confidentiality Agreement.  Speculative reputational damage, and a mere possibility of inconsistent results from a possible future arbitration, do not warrant dismissal pursuant to Rule 12(b)(7).  Dr. Fridman is neither a necessary nor indispensable party to the remaining Counts, and the case may proceed in his absence.[1]

2.  Defendants have moved for reargument.  Defendants contend that the

Court overlooked the second independent equitable estoppel test for Counts I, III

---

[1]*Incyte Corp. v. Flexus Biosciences, Inc.*, 2016 WL 1735485, at \*10 (Del. Super.).

and IV. That test provides that equitable estoppel is warranted to dismiss a claim in favor of arbitration when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Defendants also assert that Count IV (Conspiracy) should be dismissed because it tracks the language of Count V (Aiding and Abetting), and Count V was dismissed.

3. The findings of the Court demonstrate consideration of the principle set forth in the second prong of the equitable estoppel test. The Court held that the claims set forth in Counts I (Misappropriation of Trade Secrets), III (Unjust Enrichment), and IV (Conspiracy) may be determined without looking to the Confidentiality Agreement. The mere existence of a contract does not compel the conclusion that disputes among the contracting parties and a nonsignatory must be resolved through mandatory arbitration. The second prong test cannot be reasonably read as requiring nonsignatories to be hailed into arbitration on the basis of allegations of "substantially interdependent and concerted misconduct" that can be proven or disproved without reference to the contract.

4. The Court clearly considered whether the averred misconduct was substantially interdependent and concerted ***"by both the nonsignatory and one or more of the signatories to the contract."*** This prong specifically refers to the

contract. As the Court ruled, resolution of Counts I, III and IV "is not dependent on parsing out the terms of the Confidentiality Agreement."

5. A prerequisite to liability under Count V (Aiding and Abetting) is a finding of an underlying breach of contract. Therefore, in this case, equitable estoppel applies to aiding and abetting a breach of the contract containing a mandatory arbitration clause. In contrast, Count IV (Conspiracy) resulting in damage to business interests may be determined without reference to the Confidentially Agreement.

6. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[3] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[4]

7. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

---

[2] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).
[3] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).
[4] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

4

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/
_____
The Honorable Mary M. Johnston
