# IN THE SUPREME COURT OF THE STATE OF DELAWARE

OMAR J. HENRY, §
§ No. 98, 2016
Plaintiff Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ C.A. No. N14C-12-150
CCHS PUBLIC SAFETY DETAIL, §
CHRISTIANA CARE HEALTH §
SERVICE, LT. MIKE DIOSSI, SGT. §
BRAIN HEALTH, CPL. WILLIAM §
BABBY, CPL. ELIJAH §
RICHARDSON, CPL. BRENDAN §
WHAM, (WPD), CPL. CAVAN §
CRAWFORD, CPL. JOHN §
COLICCHIO, CPL. GREGORY §
PRICE, CPL. CURTIS KNOTT, §
§
Defendants Below, §
Appellees. §

Submitted: March 28, 2016
Decided: May 27, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 27th day of May 2016, it appears to the Court that:

(1) On February 29, 2016, the appellant, Omar J. Henry, filed a notice of appeal from a Superior Court order dated January 7, 2016 dismissing his civil complaint for his failure to comply with the court's discovery deadlines. On its face, the notice of appeal was untimely filed. Under Supreme Court Rule 6, the appeal

was due to be filed within thirty days of docketing of the order, *i.e.*, on or before February 8, 2016.[1]

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2] The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[3]

(3)     On February 29, 2016, the Clerk issued a notice directing Henry to show cause why the appeal should not be dismissed as untimely filed.[4] In response to the notice, Henry asks the Court to consider that, after he received the January 7, 2016 order, he sent a letter to the Superior Court and asked that the case remain open.[5] Henry also addresses the merit of his Superior Court case and gives reasons why he was unable to comply with the court's discovery deadlines.

(4)     Henry's response to the notice to show does not provide a legitimate basis upon which to excuse the untimely filing of the notice of appeal. Henry's letter

---

[1] *See* Del. Supr. Ct. R. 6(a)(i) (providing that a notice of appeal must be filed within thirty days after entry upon the docket of a judgment, order or decree in a civil case).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] Del. Supr. Ct. R. 29(b).

[5] In addition to his response to the notice to show cause, Henry filed a letter on April 15, 2016 and a "motion for continuance" on May 17, 2016. Neither the letter nor the motion are permitted responses to the notice to show cause, and the Court has not considered them.

to the Superior Court was not a timely-filed motion for reargument.[6] Only a timely-filed motion for reargument will toll the time for filing a notice of appeal.[7]

(5)    Henry does not contend, and the record does not reflect, that the delay in filing the notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[6] *See* Del. Super. Ct. Civil R. 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."). In this case, Henry's letter to the court was filed on January 21, 2016, more than five days after the January 7, 2016 order.

[7] *U.S. Bank Nat'l Ass'n v. Harms*, 2013 WL 5656109 (Del. Oct. 15, 2013) ("A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusions of law, or judgment, after a non-jury trial." (quoting *Hessler v. Farrell*, 260 A.2d 701, 702 (Del. 1969))).