IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Lawrence Dickens,           )
                                   )
     Plaintiff,           )
                                   )
     v.                   )     C.A. No. N16C-05-255 MMJ
                                   )
Commissioner Robert Coupe, Bureau )
 Chief Janet Durkee, Support Service )
 Mgr. Tonya Smith and Payroll     )
 Supervisor Tera Bench,        )
                                   )
     Defendants.         )

Submitted: May 24, 2017
Decided:  June 27, 2017

Plaintiff's Motion for Reargument of the Court's
Decision Denying Appointment of Counsel
**DENIED**

On Plaintiff's Motion to Amend
**DENIED WITHOUT PREJUDICE**

## <u>ORDER</u>

### *Appointment of Counsel*

Plaintiff filed a Motion for Appointment of Counsel.  The Court denied the

motion by Order dated December 8, 2016.  The Court found: "Plaintiff has failed

to demonstrate entitlement to court-appointed civil counsel, pursuant to the

required predicate factors as set forth in *Matthews v. Eldridge*, 424 U.S. 319, 324

(1976)." Plaintiff has filed correspondence that the Court has deemed a Motion for Reargument of the Court's Decision Denying Appointment of Counsel

The specific page citation to *Matthews* should have been 424 U.S. at 335. In *Matthews*, the United States Supreme Court held: "More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

In *Lassiter v. Department of Social Services*, 452 U.S. 126 (1981), the United States Supreme Court ruled: "In sum, the Court's precedents speak with one voice about what 'fundamental fairness' has meant when the Court has considered the right to appointed counsel, and we thus draw from them the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty. It is against this presumption that all the other elements in the due process decision must be measured." *Id.* at 127.

Plaintiff will not be deprived of physical liberty if he does not prevail in this civil litigation. Plaintiff has failed to demonstrate that any of the other *Matthews* factors warrant appointment of counsel at State expense.

The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[2]

The Court has reviewed and considered Plaintiff's submissions. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE, Plaintiff's Motion for Reargument of the Court's Decision Denying Appointment of Counsel is hereby DENIED.**

---

[1] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (1969).

[2] *Wilmington Trust Co. v. Nix,* Del. Super., 2002 WL 356371, Witham, J. (Feb. 21, 2002); *Whitsett v. Capital School District,* Del. Super., C.A. No. 97C-04-032 Vaughn, J. (Jan. 28, 1999); *Monsanto Co. v. Aetna Casualty & Surety Co.,* Del. Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

### *Motion to Amend*

Plaintiff has moved to amend his complaint to add two individual defendants. Responsive pleadings have been filed in this case. At this stage of the proceedings, pursuant to Superior Court Civil Rule 15(a), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although Plaintiff has listed the two parties he wishes to add, Plaintiff has not attached a proposed amended complaint that "indicate[s] plainly in the amended pleading in what respect the amendment differs from the pleading which is amends." Super. Ct. Civ. R. 15(aa).

In order for the Court to evaluate Plaintiff's motion, Plaintiff must submit a proposed amended complaint that sets forth the basis of jurisdiction for each additional party, and the nature of the complaint against each party.

**THEREFORE, Plaintiff's Motion to Amend is hereby DENIED AT THIS TIME, WITHOUT PREJUDICE TO RE-FILE TO COMPORT WITH THE REQUIREMENTS OF SUPERIOR COURT RULE 15(aa).**

**IT IS SO ORDERED.**

Mary M. Johnston, Judge