IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

MINE SAFETY APPLIANCES
COMPANY,

        Plaintiff,

    v.

AIU INSURANCE COMPANY, et al.

        Defendants

)
)
)
)
)
) C.A. No. N10C-07-241 MMJ CCLD
)
)
)

Submitted: October 27, 2017
Decided: November 8, 2017

On Defendant The North River Insurance Company's
Motion for Reargument on the Court's
October 11, 2017 Opinion
on the Non-Cumulation Clause
**DENIED**

**<u>ORDER</u>**

**JOHNSTON, J.**

By Opinion dated October 11, 2017, the Court addressed North River's Motion for Enforcement of the Non-Cumulation Clause in the North River Policies, and Mine Safety Appliances' Motion for Partial Summary Judgment. The Court held: "The undefined term 'loss' as used in the North River policies, including its non-cumulation provisions, refers solely and exclusively to the total amount paid in settlement or satisfaction of an individual's claims."

North River has moved for reargument. North River argues that the Court erred by relying on a Pennsylvania trial court decision that concerned different policy language, and purportedly is contradicted by other Pennsylvania case law.

The purpose of moving for reargument pursuant to Superior Court Civil Rule 59(e) is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[2] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3]

---

[1] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

[2] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).

[3] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

The Court has reviewed and considered the parties' written submissions and arguments. The Court finds that the arguments made by North River were fully considered and resolved in the October 11, 2017 Opinion. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision. To the extent North River asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[4]

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Mary M. Johnston, Judge

---

[4]*Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).