# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CONDUENT STATE HEALTHCARE, )
LLC, f/k/a/ XEROX STATE )
HEALTHCARE, LLC, f/k/a ACS STATE )
HEALTHCARE, LLC, )
                      )
       Plaintiff,             ) C.A. No. N18C-12-074 MMJ CCLD
                      )
       v.                  )
                      )
AIG SPECIALTY INSURANCE )
COMPANY, f/k/a CHARTIS )
SPECIALTY INSURANCE COMPANY, )
*et. al.,* )
                      )
       Defendants.       )

Submitted: July 9, 2019
Decided: July 25, 2019

On Defendants AIG Specialty Insurance Company
and Lexington Insurance Company's
Motion for Reargument of the Court's June 24, 2019 Opinion
**DENIED**

## <u>ORDER</u>

1. By Opinion dated June 24, 2019, the Court denied Defendants' Motion to Dismiss. The Court found that the Civil Investigative Demand ("CID") constitutes a Claim for purposes of triggering the insurers' duties to defend and

indemnify. Additionally, the CID is a Claim for non-monetary relief that alleged a Wrongful Act under the Policy terms.

2.     Defendants AIG Specialty Insurance Company and Lexington Insurance Company have moved for reargument. Defendants assert that under the Policy terms, "coverage is triggered when there is an allegation of a Wrongful Act, but nowhere in the CIDs do they actually allege that Conduent committed a Wrongful Act." Defendants argue that investigation of the possibility of wrongful acts is not an allegation sufficient to trigger Policy coverage.

3.     The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[2]

4.     The Court has reviewed and considered the parties' submissions. The Motion for Reargument restates contentions previously rejected by the Court. To

---

[1]*Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969).

[2]*Wilmington Trust Co. v. Nix*, Del. Super., 2002 WL 356371, at *1; *Whitsett v. Capital School District*, Del. Super., C.A. No. 97C-04-032 Vaughn, J. (Jan. 28, 1999); *Monsanto Co. v. Aetna Casualty & Surety Co.*, Del. Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

the extent the Motion for Reargument presents new or altered allegations, such arguments will not be considered upon reargument. Further, the Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendants AIG Specialty Insurance Company and Lexington Insurance Company's Motion for Reargument of the Court's June 24, 2019 Opinion is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston