# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANDREW M. FERRARI,

    Plaintiff,

    v.

HELSMAN MANAGEMENT
    SERVICES, LLC,

    Defendant.

) 
) 
) 
) 
) 
)     C.A. No. N17C-04-270 MMJ
) 
) 
) 
) 
) 

## **O R D E R**

Submitted: July 13, 2020
Decided: July 21, 2020

On Defendants' Motion for Reargument
and Plaintiff's Motion for Clarification Regarding "Bad-Faith Denial" Claim

1. By Opinion dated June 23, 2020, the Court considered Defendant's Motion for Summary Judgment, Plaintiff's two Motions for Partial Summary Judgment, and Plaintiff's Motion for Leave to File an Amended Complaint. The Court held:

> The Court finds that *Thomas*[1] controls. On the narrow issue of whether a plaintiff may sue a TPA for breach of the duty of good faith and fair dealing arising from a workers' compensation contract, there is no contradictory Delaware authority. The cases Defendant relies upon are distinguishable. Plaintiff's bad faith claim against Helmsman does not fail as a matter of law on the basis that a TPA is not a party to the insurance contract.

---

[1] 2003 WL 220511 (Del. Super. Jan. 31), *vacated on other grounds by* 2003 WL 21742143, at *1–2 (Del. Super. July 25).

1

The Court also finds that there are genuine issues of material fact regarding whether Helmsman acted reasonably as a TPA in investigating and initially denying Plaintiff's claim. The Court finds that plaintiff has established a *prima facie* case sufficient to survive summary judgment on the issues of bad faith and punitive damages. **THEREFORE,** Defendant's Motion for Summary Judgment is hereby **DENIED.**

The Court finds that genuine issues of material fact exist precluding a ruling of bad faith delay as a matter of law. **THEREFORE,** Plaintiff's Motion for Partial Summary Judgment on Bad-Faith Delay is hereby **DENIED.**

The Court finds that Plaintiff unduly delayed its Motion for Leave to File an Amended Complaint. Plaintiff's motion for leave to amend was not timely made.[2] Allowing Plaintiff to further delay the case due to additional discovery would cause unfair prejudice to defendant.[3] Additionally, the Court has found that Plaintiff's bad faith claim against Helmsman does not fail as a matter of law. Thus, the alleged necessity of adding other parties is alleviated. **THEREFORE,** Plaintiff's Motion for Leave to File Amended Complaint is hereby **DENIED.**[4]

2. Defendant has moved for reargument on three issues. First, Defendant contends that the Court misapprehended controlling precedent on the issue of who may sue for breach of contract. Second, Defendant argues that the Court did not correctly consider facts which demonstrate that Defendant's actions caused Plaintiff to suffer physical

---

[2] *See Marro*, 1996 WL 453311, at *5; *see also Hess*, 396 A.2d at 177.

[3] *See H & H Poultry Co., Inc.*, 408 A.2d at 291.

[4] *Ferrari v. Helmsman Mgmt. Svcs., LLC*, 2020 WL 3444106, at *7-8 (Del. Super.).

injury, which is required to prevail on an intentional infliction of emotional distress claim. Third, Defendant asserts that it is undisputed that Plaintiff's declaratory relief claim is duplicative of the bad faith claim. Thurs, Defendant is entitled to judgment on Plaintiff's declaratory relief claim.

3. The Court finds that it considered and resolved issues one and two in the June 23rd Opinion. With regard to the third issue, the Court finds no reason to grant summary judgment on Plaintiff's declaratory judgment claim. The mere fact that claims are duplicative is not sufficient. Having found that Plaintiff has established a *prima facie* case sufficient to survive summary judgment on the issue of bad faith, it appears that the declaratory judgment claim will succeed or fail along with the bad faith claim. There is no reason why the claims cannot proceed in a parallel manner at this stage of the proceedings.

4. Plaintiff has filed a Motion for Clarification Regarding "Bad-Faith Denial" Claim. The Court ruled that "any events occurring after the Complaint in this action was filed, which have not been the subject of discovery prior to expiration of the discovery deadline–specifically including Helmsman's handling of the claim underlying the second IAB petition–will not be admissible as part of a bad faith denial claim." Plaintiff argues that Helmsman's handling of the claim underlying the second IAB petition was the subject of timely discovery, and the parties agreed in writing to include those events within the scope of Plaintiff's Rule 30(b)(6) deposition of Defendant's representative.

5. To the extent the Court's ruling was not clear, the Court finds that "timely discovery" encompasses events prior to the time Plaintiff's complaint was filed. Plaintiff's questions to Defendant's 30(b)(6) deponent about the handling of the second IAB petition, were the subject of record objections as to scope. The Rule 30(b)(6) notice does not expand the time frame beyond April 2017.

6. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[5] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[6] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[7] .

7. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

---

[5] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

[6] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).

[7] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super.).

4

**THEREFORE,** Defendant's Motion for Reargument is hereby **DENIED.** Plaintiff's Motion for Clarification Regarding "Bad-Faith Denial Claim is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston