# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM W. WELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-05-165 JRJ |
| | ) | |
| MORRIS JAMES LLP, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 15, 2020
Date Decided: July 22, 2020

## ORDER DENYING PLAINTIFF'S MOTION FOR REARGUMENT

Upon consideration of Plaintiff William W. Weller's Motion for Reargument,[1] Defendant Morris James LLP's Response thereto;[2] and the record in this case, **IT APPEARS THAT:**

1.    On May 14, 2020, the Court dismissed Plaintiff William Weller's Complaint against Defendant Morris James LLP because it failed to establish a prima facie case for workers' compensation retaliation.[3] The Court found that the two of the three alleged acts of misconduct were barred by the two-year statute of

---

[1] Plaintiff's Motion for Reargument ("Pl. Mot. Rearg."), (Trans. ID. 65659077).
[2] Defendant's Response to Motion for Reargument ("Def. Resp."), (Trans. ID. 65700525).
[3] May 14, 2020 Memorandum Opinion ("May 14, 2020 Mem. Op."), (Trans. ID. 65636765).

limitations.[4] The Court noted that even if those two alleged acts were not time-barred, neither of those acts was sufficient to dissuade a reasonable person from making a claim for workers' compensation benefits.[5] With respect to the third allegation, which alleged misconduct by one of Defendant's equity partners, the Court determined that such allegation of misconduct was *during litigation* of the workers' compensation claim and therefore, did not constitute actions adverse to Plaintiff's employment.[6]

2. On May 21, 2020, Plaintiff filed the instant Motion arguing: (1) the Court incorrectly concluded that the alleged acts of misconduct were time-barred; and (2) the adverse employment action suffered by Plaintiff was an "economic retaliation" because Defendant allegedly interfered with Plaintiff's right to workers' compensation benefits.[7]

3. In opposition, with respect to the statute of limitations and alleged misconduct of Defendant's equity partner, Defendant argues that Plaintiff's Motion is an impermissible attempt to rehash arguments already considered and decided by

---

[4] *Id.* at 5 ("[A]ny claims based on the 2015 Offensive E-Mail and the 2015 Annual Review Comments are barred by the two-year statute of limitations."). *See* 19 *Del. C.* § 2365 (claims for workers' compensation retaliation are subject to a two-year statute of limitations).

[5] *Id.* at 5–6 (citing *Meltzer v. City of Wilmington*, 2011 WL 1312276, at *10 (Del. Super. Ct. Apr. 6, 2011) ("Materially adverse employment action requires something more than . . . 'petty slights.'").

[6] *Id.* at 6.

[7] Pl. Mot. Rearg. ¶ 6.

the Court.[8]  Defendant further argues that Plaintiff is attempting to raise new arguments by now asserting that Defendant interfered with Plaintiff's right to workers' compensation benefits and such conduct was adverse to his employment.[9]

4.  A motion for reconsideration or reargument is governed by Superior Court Civil Rule 59(e).[10]  The purpose of such motion is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[11]  Pursuant to Rule 59(e), such a motion will be denied unless the movant demonstrates that the Court "has overlooked precedent or legal principles, or the Court has misapprehended the law or the facts such as would have changed the outcome of the underlying decision."[12] A motion for reconsideration or reargument is not an opportunity to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[13]

5.  Here, the instant Motion rehashes arguments already ruled on by the Court.  The Court applied the appropriate standard when analyzing whether the

---

[8] Def. Resp. ¶¶ 4, 6.

[9] *Id.* ¶ 7.

[10] Super. Ct. Civ. R. 59(e).

[11] *Baldwin v. New Castle Cty.*, 2020 WL 638858, at *2 (Del. Super. Ct. Feb. 11, 2020) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

[12] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. Ct. 2016) (internal quotations omitted) (quoting *Kennedy v. Invacare, Inc.*, 2007 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006)).

[13] *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *see also Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007) ("Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59.").

Complaint set forth a prima facie case for workers' compensation retaliation pursuant to Section 2365 of the Delaware Workers' Compensation Act.[14] As the Court explained in its Opinion, two of the alleged acts of misconduct which occurred in 2015 are barred by the statute of limitation.[15] And even if those acts were not time-barred, claims of retaliation based on those acts would still fail because neither was sufficient to dissuade a reasonable person from making a claim for workers' compensation benefits, and therefore, are not materially adverse to Plaintiff's employment.[16]

6.    In addition, the Court found that the alleged misconduct of Defendant's equity partner occurred during litigation of the workers' compensation claim.[17] The Court determined that, "[w]hile Plaintiff's workers' compensation claim might have suffered, his employment did not."[18] Therefore, these actions are not adverse to Plaintiff's employment.

---

[14] 19 *Del. C.* § 2365. To establish a prima facie case for workers' compensation retaliation, Plaintiff must prove that: (1) Plaintiff exercised rights under the Workers' Compensation Act; (2) Defendant took an adverse employment action against Plaintiff; and (3) there was a causal connection between Plaintiff's exercise of rights and the adverse employment action. *See Santora v. Red Clay Consol. Sch. Dist.*, 901 F. Supp. 2d 482, 491 (D. Del. 2012).

[15] May 14, 2020 Mem. Op. at 5.

[16] *Id.* at 5–6.

[17] *Id.* at 6. The Complaint alleges that the equity partner undermined Plaintiff's workers' compensation claim in several ways, including by offering to testify favorably for Plaintiff but then providing opposite testimony during the Industrial Accident Board hearing.

[18] *Id.*

7. The Court has already ruled on Plaintiff's arguments set forth in this Motion. Plaintiff has not demonstrated that the Court overlooked controlling precedent or legal principles, or misapprehended the law or facts. Plaintiff has failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice.

**NOW THEREFORE**, for all these reasons, Plaintiff William W. Weller's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan. R. Jurden, President Judge

cc: Prothonotary