# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) |
| | ) Cr. ID. No. 82002234DI |
| BRUCE J. CARR, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Submitted: June 23, 2020
Decided: September 16, 2020

On Defendant's Motion for Reargument

1. By Opinion dated January 13, 2020, the Court considered Defendant's Objection to the Commissioner's Report and Recommendation, Commissioner's Report and Recommendation, Defendant's Motions for Postconviction Relief, and the relevant proceedings below. The Court held:

> Having been provided with a full and fair opportunity to present any issue in his first timely-filed motion, Defendant's claims are procedurally barred. Further, Defendant has not established any prejudice to his rights and/or cause for relief. Therefore, Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED**.[1]

---

[1] *State v. Carr*, Del. Super., ID No. 82002234DI, Johnston, J. (Jan. 13, 2020) (ORDER) (accepting Comm'r Report of Nov. 4, 2019).

1

2. Defendant has moved for reargument on three issues. First, Defendant argues that his claims show disputed facts beyond the record necessitating further findings. Second, Defendant argues that the plea deal offered to his co-defendant proves that a plea deal was offered to Defendant but never communicated to him. Finally, Defendant argues that he had no knowledge of a letter referenced in the Court's decision and was denied the opportunity to address it.

3. The only arguably disputed fact presented is whether Defendant's lawyer received a plea offer and failed to communicate that offer to Defendant. As the Court discussed in its decision, Defendant's counsel has stated that "there had been no plea-offer extended" to Defendant and no records of any alleged offer exist. The Court finds Defendant's argument in his Motion for Reargument—that there is no record of a plea offer because "some of the Court's records may have been destroyed in accordance with Court policies"—unpersuasive. The Court concludes that the issue of whether a plea was offered can be adequately addressed with the record before it and in fact was fully addressed in its decision.

4. Defendant's argument—that the plea offered to, and accepted by, his co-defendant is evidence that he must have received the same plea—is without merit. As noted in the Court's decision, the State had no legal obligation to offer Defendant

a plea to anything less than the charged offenses.[2] Further, the mere fact that his co-defendant was offered a plea does not conclusively show that Defendant was offered a similar plea.

5. Defendant's final argument is that he was unaware of the letter dated April 20, 1982 and thus denied the opportunity to address it in his Objection to the Commissioner's Report and Recommendation. However, the Commissioner's Report states:

> See, April 26, 1982 letter from the court to Peter N. Letang, Esquire enclosing Carr's April 20, 1982 handwritten letter in which Carr complained that Mr. Letang wanted him to admit his guilt and take a plea but that Carr refused to do so.[3]

The letter was explicitly mentioned by the Commissioner. Defendant should have been aware of it. Defendant had an adequate opportunity to address it in his Objection.

6. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgement of law.[4] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law

---

[2] *State v. Grossberg*, 1998 WL 473030, at *1 (Del.); *see also Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.").
[3] *State v. Carr*, Del. Super., ID No. 82002234DI, Parker, Comm'r (Nov. 4, 2019) at n.6.
[4] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

or the facts in a manner affecting the outcome of the decision.[5] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[6]

7. The Court has reviewed and considered Defendant's written submission and argument. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendant's Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

_____

The Honorable Mary M. Johnston

---

[5] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).
[6] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (De. Super.).