**HESSLER, INC., a corporation of the State of Delaware, Defendant Below, Appellant,**

**v.**

**Walter FARRELL, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 2, 1969.

William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, for defendant below, appellant.

William E. Wiggin of Richards, Layton & Finger, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The pending motion to dismiss the appeal questions the timeliness of a motion for reargument in the Superior Court and the tolling effect of such motion upon the time for appeal to this Court.

On May 2, 1969, the Trial Court filed a letter opinion, after non-jury trial, announcing judgment for the plaintiff. The letter concluded with *"It Is So Ordered"* and judgment was thereupon entered. On Friday, May 9, the defendant served upon the plaintiff a motion for reargument, but did not file it with the Prothonotary until Monday, May 12. Both parties participated in the motion proceedings and, on July 18, 1969, the Trial Court denied the motion. This appeal was instituted on September 12, 1969.

I.

The plaintiff contends that the motion was a nullity * because filed too late

---

* It is noted that under Superior Court Civil Rule 6(b) the Superior Court has divested itself of the power to enlarge the time for a motion for reargument. This rigidity is to be contrasted with

Chancery Rule 174(a) and Supreme Court Rule 13 preserving to those Courts the opportunity to enlarge the time for review of their own actions.

under Superior Court Civil Rule 59(e) Del.C.Ann. which provides that a "motion for reargument shall be served and filed within five days after the filing of the Court's opinion or decision."

We find this argument unacceptable. The five day period began to run on Monday, May 5, by reason of Superior Court Civil Rule 6(a) which provides that in a time sequence of this kind intermediate Saturdays and Sundays shall be excluded from the computation. Commencing the computation on May 5, we find that the motion for reargument was served within the five day period on May 9 and that it was thus timely.

■ Service is the essential for effective action for Rule 59 motions. Rule 59 (b) requires that a motion for a new trial "shall be served not later than ten days after the entry of judgment", there being no specified time requirement for filing. Rule 59(d) requires that a motion to alter or amend a judgment "shall be served not later than ten days after entry of the judgment", again with no specified time requirement for filing. It is manifest that the filing of motions under Rule 59 is a secondary action, service upon opposing counsel being the important step for timeliness. There is no valid reason for distinguishing a motion for reargument from the other Rule 59 motions in this respect. When viewed in the light of the overall pattern of Rule 59, a reasonable construction of the time provision of Rule 59(e) is to require service of a motion for reargument within five days and filing within a reasonable time thereafter.

We so hold; and conclude that the motion for reargument here was not nullified by the fact that it was filed on the Monday following the Friday of service. Hypertechnical application of the Rules of Procedure must be avoided.

## II.

■ It is argued alternatively that, though timely, the motion for reargument did not toll the 60 day period for appeal to this Court; that, therefore, the appeal initiated on September 12 from the judgment of May 2 is fatally late. We find the plaintiff's position in this regard untenable too.

We hold that a motion for reargument, like a motion for new trial or a motion to alter or amend a judgment, tolls the running of the time for appeal to this Court, and for the same reasons. See Trowell v. Diamond Supply Co., Del.Supr., 8 Terry 422, 91 A.2d 797 (1952); Long v. Lee, Del.Super., 3 Storey 299, 168 A.2d 536 (1960).

■ The plaintiff seeks to distinguish a motion for reargument from the other Rule 59 motions on the ground that, under the language of Rule 59(e), it is addressed to the Court's "opinion or decision" rather than to its judgment. This is a distinction without a difference. A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusions of law, or judgment, after a non-jury trial. The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to an appeal; and there is no valid reason for distinguishing motions for reargument in this regard. Finality does not attach to any judgment while a Rule 59 motion addressed to it is pending before the Trial Court. Any other rule, requiring a position-saving appeal before the disposition of a pending Rule 59 motion, would not be consonant with the orderly administration of justice.

The plaintiff cites in this connection Philadelphia Suburban Transportation Company v. DiFrancesco, 362 Pa. 326, 66 A.2d 254 (1949) and Riverhouse Publishing Company v. Providence Journal Company, R.I., 243 A.2d 90 (1968). Those cases were decided under different procedural rules and are not in point.

We conclude, therefore, that the appeal period was tolled in this case until the

Trial Court's disposition of the motion for reargument on July 18. The appeal to this Court instituted on September 12 was, therefore, timely.

* * *

The motion to dismiss the appeal is denied.