# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY


DEERE & COMPANY, a Delaware )
corporation, )
                              )
              Plaintiff, )
                              )
          v. )C.A. No. N13C-07-330 MMJ
                              )CCLD
EXELON GENERATION )
ACQUISITIONS, LLC, a Delaware )
limited liability company, )
                              )
              Defendant.


Submitted: June 11, 2015
Decided: July 13, 2015

Upon Deere & Company's Motion for Reargument
**GRANTED**

## MEMORANDUM OPINION

Peter J. Walsh, Jr., Esq. (argued), Matthew F. Davis, Esq., Jacob R. Kirlman, Esq., Potter Anderson & Corroon, LLP, Attorneys for Plaintiff

Geoffrey A. Kahn, Esq. (argued), David J. Margules, Esq., Ballard Spahr, LLP, Attorneys for Defendant

**JOHNSTON, J.**

# PRIOR RULINGS

The Complaint of Deere & Company alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. The dispute arises out of an August 30, 2010 purchase agreement (the "Agreement"). Upon the motion of Defendant Exelon Generation Acquisitions, LLC, the Court dismissed Deere's breach of the implied covenant of good faith and fair dealing and unjust enrichment claims. The Court ruled:

> Finally, Exelon moves to dismiss Deere's claim for unjust enrichment. Exelon contends that Deere's claim for unjust enrichment is barred because the Purchase Agreement governs the parties' relationship and the matter in dispute. Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.[1] When an express, enforceable contract controls the parties' relationship, a claim for unjust enrichment is not available because the contract itself is the measure of the parties' rights.[2]

Exelon asserted two counterclaims – recoupment and unjust enrichment. Deere moved to dismiss both counterclaims.

By opinion dated, November 10, 2014, this Court held:

> Deere relies upon *Deere v. Exelon*, this Court's March 7, 2014 opinion dismissing Deere's unjust enrichment claim because the Agreement governed the parties' relationship

---

[1] *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009).
[2] *Deere & Co. v. Exelon Generation Acquisitions*, LLC, 2014 WL 904251, at *5 (Del. Super.) (*citing Kuroda*, 971 A.2d at 891).

and the matter, the payment of the earn-out, in dispute.[3] Exelon's claim for unjust enrichment is substantially different from Deere's. In Deere, the matter in dispute was payment of the earn-out for completion of the Blissfield Wind Project.[4] Payment of the earn-out is expressly addressed by the parties in Section 2.6(a)(iii) in the Agreement.[5] Here, the matter in dispute, the offset of any recovery by the expense Exelon allegedly incurred to complete the wind project in Gratiot County, is not addressed in the Agreement. The Agreement does not contain a provision addressing the parties' obligations in the event that the Blissfield Wind Project could not be developed in Lenawee County. I find that Exelon's unjust enrichment claim has sufficient merit to survive a motion to dismiss.[6]

## PARTIES CONTENTIONS

Deere now moves for reargument. Deere contends that the Court misapprehended the facts underlying Exelon's claim and the purpose of Section 2.6(b) of the Agreement. Deere argues that Section 2.6(b) of the Agreement places the burden of continuing development of the Blissfield Wind Project, including the risk of increased or unforeseen cost, on Exelon. Therefore, the $10 million expended by Exelon in relocating the Blissfield Wind Project to Gratiot County was an expenditure contemplated by Section 2.6(b) and cannot be recovered under an unjust enrichment theory.

---

[3] *Deere*, 2014 WL 904251, at *5.
[4] *Id.*
[5] *Id.* at *1.
[6] *Deere & Co. v. Exelon Generation Acquisitions, LLC*, 2014 WL 6674471, at *4 (Del. Super.).

Exelon argues that the Court was correct in denying Deere's Motion to Dismiss Exelon's unjust enrichment claim. The Court found that the Agreement does not address Exelon's obligations in the event that the Blissfield Wind Project was unable to be developed in Lenawee County. Exelon contends that it has a viable claim for unjust enrichment. Exelon claims that the $14 million earn-out provision triggered by Section 2.6(a) of the Purchase Agreement is subject to a set-off for the $10 million Exelon spent relocating the Blissfield Wind Project to Gratiot County.

## REARGUMENT STANDARD

The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[7] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[8]

---

[7] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969).
[8] *Wilmington Trust Co. v. Nix*, Del. Super., 2002 WL 356371, Witham, J. (Feb. 21, 2002); *Whitsett v. Capital School District*, Del. Super., C.A. No. 97C-04-032 Vaughn, J. (Jan. 28, 1999); *Monsanto Co. v. Aetna Casualty & Surety Co.*, Del. Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

## ANALYSIS

In the March 7, 2014 Opinion, the Court ruled that if the Agreement governs the payment of the disputed earn-out, the unjust enrichment cause of action cannot stand. In the November 10, 2014 Opinion, the Court reasoned that Exelon's unjust enrichment claim should not be dismissed because the Agreement does not address the parties' obligations in the event that the Blissfield Wind Project could not be developed in Lenawee County.

Upon reconsideration, the Court finds that Deere was correct to call attention to the inconsistency between the Court's two opinions. Section 2.6(b) of the Agreement provides that Exelon was required to use "commercially reasonable efforts" to develop and complete the Blissfield Wind Project. Section 2.6(b) states that "the details and manner of such development efforts and the schedule therfor [sic] shall be within the sole discretion of [Exelon]."

A determination must be made as to whether or not the Agreement applies to development of the project, including relocation from Lenawee County to Gratiot County. If the Agreement applies, the earn-out provision of Section 2.6(a) would be triggered and Section 2.6(b) would govern the expenses incurred by Exelon in relocating the Blissfield Wind Project to Gratiot County. If the Agreement does not apply, the Section 2.6(a) earn-out provision would not be triggered, and

5

therefore, Exelon's unjust enrichment claim would not apply and would be rendered irrelevant.

**THEREFOR**E, Plaintiff's Motion for Reargument is hereby **GRANTED**. Defendant's Counterclaim for unjust enrichment is hereby **DISMISSED**.

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*_____
The Honorable Mary M. Johnston