# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SCOTT BARTH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N15C-01-197 MMJ |
| v. | ) | |
| | ) | |
| BLUE DIAMOND, LLC (d/b/a BLUE | ) | **TRIAL BY JURY OF** |
| DIAMOND MX PARK), a Delaware | ) | **TWELVE DEMANDED** |
| corporation, THE EAST COAST | ) | |
| ENDURO ASSOCIATION, INC., a | ) | |
| New Jersey corporation, and | ) | |
| DELAWARE ENDURO RIDERS, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 12, 2017
Decided: January 3, 2018

On Plaintiff's Motion for Reconsideration of
One Part of the Court's November 29, 2017 Order and Opinion

**DENIED**

## MEMORANDUM OPINION

Batholomew J. Dalton, Esq., Laura J. Simon, Esq., Dalton & Associates, Larry E. Coben, Esq., Gregory S. Spizer, Esq., Anapol Weiss, Attorneys for Plaintiff Scott Barth

Michael J. Logullo, Esq., Rawle & Henderson LLP Attorneys for Defendants The East Coast Enduro Association, Inc. and Delaware Enduro Riders, Inc.

George T. Lees III, Esq., Logan & Petrone, LLC Attorneys for Defendant Blue Diamond, LLC

**JOHNSTON, J.**

Ruling on a Motion for Summary Judgment, this Court dismissed negligence claims against the Defendants because Plaintiff, Scott Barth, signed a valid waiver releasing Defendants from liability.[1] Barth has moved for reargument.

The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3]

Barth contends that reargument is appropriate because the Court made three factual findings: (1) Defendants advised Barth that he could inspect the race course; (2) if Barth had asked to inspect the course, he would have been granted permission; and (3) if Barth had inspected the course he would have observed the latent danger created by Defendants' reckless indifference to rider safety. Barth also argues that the Court made the legal ruling that Barth had a duty paramount to that of the property owners to inspect and locate latent hazards.

---

[1] *Barth v. Blue Diamond*, 2017 WL 5900949, at *7 (Del. Super.).
[2] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969).
[3] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super.).

2

These contentions misconstrue the Court's opinion and rehash the arguments already decided by the Court. The Court found that it was undisputed that Barth never asked for and was not denied permission to inspect the course. The Court did not find that Defendants advised Barth to inspect the course. Rather, the Court ruled that Barth could not circumvent waiver of liability by claiming ignorance as to his ability to ask for permission to inspect. Under *Devecchio*, which the Court cited in its opinion, a plaintiff's "failure to apprise himself of, or otherwise understand the language of a release that he is asked to sign is insufficient as a matter of law to invalidate the release."[4]

The Court also made no factual findings regarding what could have happened had Barth asked to inspect the course or what he hypothetically would have found had he performed an inspection. The Court instead limited its findings to the dipositive issue under *Devecchio*: whether Barth was denied permission to inspect the course, resulting in potential invalidation of the release. It is undisputed that Barth did not ask for permission. Defendants therefore did not deny him permission. Thus, the holding in *Devecchio* simply is not applicable to the facts in this case.

These findings do not, as Barth contends, impose a duty on business invitees to perform an inspection paramount to a property owner's duty to inspect. The Court only declined to apply *Devecchio*'s holding when no rule barred Barth from

---

[4] *Devecchio v. Delaware Enduro Riders, Inc.*, 2004 LEXIS 444 (Del. Super.).

3

performing an inspection of the course before the race.

## CONCLUSION

Barth's Motion for Reconsideration of One Part of the Court's November 29, 2017 Order and Opinion is hereby **DENIED**. Barth has not demonstrated that the Court has overlooked controlling law or misapprehended the law or facts of the case.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

4