# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN G. PERLMAN, REARDEN LLC, and ARTEMIS NETWORKS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N19C-07-235 PRW |
| v. | ) ) | CCLD |
| VOX MEDIA, INC., | ) ) ) | |
| Defendant. | ) | |

Submitted: July 8, 2020
Decided: August 14, 2020

## <u>ORDER DENYING REARGUMENT</u>

This 14th day of August, 2020, upon consideration of Plaintiffs Stephen G. Perlman, Rearden LLC, and Artemis Networks, LLC's Motion for Reargument (D.I. 71) of this Court's Opinion and Order dated June 24, 2020 (D.I. 70); Defendant Vox Media, Inc.'s response thereto (D.I. 74); and the record in this matter, it appears to the Court that:

(1)    Entrepreneur Stephen G. Perlman and the entities Rearden LLC and Artemis Networks LLC collectively brought this action against Vox Media, Inc. They allege that in 2012 and 2014 Vox published online news articles defaming Perlman personally, and by extension Rearden and Artemis, through false claims relating to one of Perlman's previous commercial endeavors, OnLive, Inc.

(2)     Perlman, Rearden, and Artemis originally brought this action in the Court of Chancery in August 2014.[1]  Because that court found that it lacked subject matter jurisdiction,[2] they transferred their case here in July 2019.[3]  Vox moved for summary judgment,[4] which this Court granted on June 24, 2020.[5]  Perlman, Rearden, and Artemis now move pursuant to Superior Court Rule 59(e) for reargument of that decision.

(3)     A motion for reargument permits a trial court to reconsider its findings of fact, conclusions of law, or judgment.[6]  But Delaware law places a heavy burden on one seeking Rule 59 relief.[7]  The movant must demonstrate that the Court must

---

[1]     Complaint, *Perlman v. Vox Media, Inc.*, Civ. Act. No. 10046-VCS (Del. Ch. Aug. 18, 2014) (Chancery D.I. 1).

[2]     *See Perlman v. Vox Media, Inc.,* 2019 WL 2647520, at *7 (Del. Ch. Jun. 27, 2019) ("Having found the Court of Chancery lacks subject matter jurisdiction to adjudicate defamation claims, [Vox's] motion for summary judgment must be GRANTED, subject to Plaintiffs electing to have the matter transferred to the Superior Court.").

[3]     Plaintiffs' Election to Transfer, *Perlman v. Vox Media, Inc.*, Civ. Act. No. 10046-VCS (Del. Ch. Jul. 30, 2019) (Chancery D.I. 129); *see* DEL. CODE ANN. tit 10, § 1902 (2018) (providing for transfer of proceedings between Delaware courts where the first-filed court lacks jurisdiction).

[4]     D.I. 23.

[5]     *Perlman v. Vox Media*, 2020 WL 3474143, at *9 (Del. Super. Ct. Jun. 24, 2020).

[6]     *See Nicholson v. Sullivan,* 1993 WL 542297, at *1 (Del. Dec. 6, 1993) ("A motion for reargument is the proper device for seeking reconsideration of the findings of fact and conclusions of law of the Superior Court" after grant of summary judgment.); *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusions of law, or judgment, after a non-jury trial.").

[7]     *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

correct an error of law in or prevent manifest injustice deriving from its judgment.[8]

"A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court."[9]  And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have changed the outcome of the decision" challenged.[10]  Upon a Rule 59(e) reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[11]

(4)     The Court found that to the extent that the sole article published in 2014 was of and concerning Perlman, Rearden, or Artemis it was substantially true under the undisputed facts in the discovery record.[12]  The articles published in 2012 were time-barred by California's one-year limitations period.[13]

(5)     Perlman, Rearden, and Artemis proposed that the subsequent publication of the 2014 article republished the earlier writings and thereby restarted

---

[8]     *In re Asbestos Litigation (Hudson),* 2015 WL 5016493, at \*1 (Del. Super. Ct. Aug. 25, 2015).

[9]     *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at \*1 (Del. Super. Ct. Aug. 27, 2015) (citing cases).

[10]    *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at \*2 (Del. Super. Ct. Aug. 9, 2000).

[11]    Super. Ct. Civ. R. 59(e).

[12]    *Perlman*, 2020 WL 3474143, at \*4–5.

[13]    *Id*. at \*5.

their limitations period. This theory of republication would construe that for internet publications in California, a subsequent writing that features a hyperlink to an earlier one republishes that earlier writing when the hyperlink itself is an independently defamatory enhancement of the content of the destination page.[14] Because the Court found the 2014 article was not defamatory, the Court rejected republication without speculating as to whether that theory accurately describes California law.[15]

(6) This reargument motion brings up no case, law, or fact left unaddressed in the June 24, 2020 Opinion and Order. Instead, Perlman, Rearden, and Artemis seek a different result based on a single case which the Court and both parties each cited extensively already[16] and on an expansive reading of the Court of Chancery's prior ruling refusing to dismiss the case on the pleadings.[17]

(7) Perlman, Rearden, and Artemis make two arguments which they assert command a different result. First, they argue that the 2014 article's reference to "Steve Perlman, the creator of the **defunct game-streaming service OnLive**" is

---

[14] *See* Opp'n. Br. at 33 (D.I. 41) ("It is about Vox's specific improper use of a substantive hyperlink that itself is a false and defamatory statement that updated a prior false and defamatory article and was directed to a new audience, perpetuating and continuing the defamation of Plaintiffs.").

[15] *Perlman*, 2020 WL 3474143, at *9.

[16] Specifically, *Firth v. State*, 775 N.E.2d 463 (N.Y. 2002).

[17] *Perlman v. Vox Media, Inc.*, 2015 WL 5724838 (Del. Ch. Sept. 30, 2015).

defamatory towards them;[18] and second, that the Court of Chancery's ruling on the motion to dismiss precludes finding at summary judgment that the 2014 article failed to republish the earlier writings.[19]

(8) These arguments are rehashes of those addressed and rejected by the Court in the June 24, 2020 Opinion and Order.

(9) As the Court explained, in the movants' own telling Perlman's corporation OnLive, Inc. *was* defunct.[20] Though its technology had succeeded, the corporate vehicle itself had failed to generate adequate revenue. [21] To pay off creditors, OnLive in 2012 had sold all of its assets to a different entity with which Perlman, Rearden, and Artemis have no association, OL2, Inc.[22] That company had continued operating the business using the brand name "OnLive."[23]

(10) An injurious falsehood must be of and concerning a defamation plaintiff to sustain the action.[24] OnLive, Inc. was defunct, and so the challenged

---

[18] Mot. for Reargument at ¶ 4 (D.I. 71) (bold in the original).

[19] *Id.* at ¶ 7.

[20] *Perlman*, 2020 WL 3474143 at *4.

[21] *Id*. at *2.

[22] *Id*.

[23] *Id*. at *4.

[24] *Blatty v. New York Times Co.*, 728 P.2d 1177, 1182 (Cal. 1986).

statement is not a falsehood as to that entity. "OnLive," the brand name for a then-operational game streaming service belonged to OL2, an entity with no involvement with this suit. The challenged statement contains no injurious falsehood of and concerning the parties here.

(11) Perlman, Rearden, and Artemis attempt to bypass the failure of their defamatory-hyperlink argument by reference to language in the Court of Chancery's opinion denying dismissal of their original complaint. As they characterize it, the Court of Chancery set forth a more generous standard for republication, whereby a later writing restarts the statute of limitations on a prior publication if the later writing attracts a new audience to the older writing.[25] This is not a correct statement of the Court of Chancery's ruling or of California defamation law.

(12) The single publication rule *replaces* the older common law rule under which "a new cause of action for defamation arises each time the defamer repeats or recirculates his or her original remarks to a new audience."[26] To find that a publication constitutes a new edition due to its new audience the publication itself

---

[25] *See* Mot. for Reargument at ¶ (D.I. 71) ("the relevant inquiry under applicable law, however, is whether the February 2014 Article caused **the original defamatory content** (here, the 2012 Articles) to reach a new audience, not whether **the entire Verge website** reached a new audience.") (bold and italics in the original).

[26] *Hebrew Acad. of San Francisco v. Goldman*, 70 Cal.Rptr.3d 178, 182 (Cal. 2007).

must be altered, not its marketing.[27]   The Court of Chancery denied dismissal allowing for the possibility that Perlman, Rearden, and Artemis might be able to show such a change via the defamatory-hyperlink theory.[28]

(13)   That ruling depended on the case's procedural posture.   "[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable conceivability."[29]   And in this case, "[t]he Complaint alleges that both the game-streaming service OnLive and the corporate entity OnLive are alive and well, i.e., not defunct."[30]   But the since-developed and undisputed discovery record contradicts the then-required factual assumption necessitating a different outcome now at summary judgment.

---

[27]   *See Firth*, 775 N.E. at 466 ("Republication, retriggering the period of limitations, occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition.   The justification for this exception to the single publication rule is that the subsequent publication is intended to and actually reaches a new audience.") (internal quotations and citations omitted).

[28]   *See Perlman*, 2015 WL 5724838, at *20 ("By contrast, taking the well-pled allegations in the Complaint as true and drawing all reasonable inferences in favor of Plaintiffs, I conclude that it is reasonably inferable: (1) that the statement at issue in the 2014 Article modified and enhanced the earlier and separate defamatory information referenced by the hyperlink; and (2) that Defendant intended to communicate that and the prior statements to a new audience.").

[29]   *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011) (internal citations omitted).

[30]   *Perlman*, 2015 WL 5724838, at *15.

(14)   Because Perlman, Rearden, and Artemis fail to meet the heavy burden of demonstrating a need to correct an error of law or to prevent manifest injustice, their Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*

**Paul R. Wallace, Judge**