# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| GUARANTEED RATE, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | )C.A. No. N20C-04-268 MMJ CCLD | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY, XL SPECIALTY | ) | |
| INSURANCE COMPANY, AXIS | ) | |
| INSURANCE COMPANY and | ) | |
| ENDURANCE AMERICAN | ) | |
| INSURANCE COMPANY , | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 1, 2021
Decided: October 11, 2021

On Defendant's, ACE American Insurance Company's
Motion for Reargument
**DENIED**

## ORDER

Brian M. Rostocki, Esq., Reed Smith LLP, Wilmington, Delaware, Lilit Asadourian, Esq., Reed Smith LLP, Los Angeles, California, Thomas A. Marrinson, Esq., Reed Smith LLP, Chicago, Illinois, *Counsel for Plaintiff*

Robert J. Katzenstein, Esq., Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware, David Newmann, Esq., Jessica K. Jacobs, Esq., Hogan Lovells US LLP, Philadelphia, Pennsylvania, *Counsel for Defendant ACE American Insurance Company*

**JOHNSTON, J.**

## THE MOTION

The Court issued an Opinion dated August 18, 2021. The Court found that the Professional Services Exclusion does not apply to prevent coverage under the policy. The Court granted Plaintiff's Motion for Partial Judgment on the Pleadings. The Court denied Insurers' Cross Motion for Judgment on the pleadings.

Additionally, the Court found that the Plaintiff properly stated a claim for coverage under the EPL. The Court denied the Insurers' Cross Motion for Judgment on the Pleadings on this issue because of several outstanding questions of fact.

Defendant has moved for reargument based on the Courts interpretation of the Professional Services Exclusion and the timing of which GRI submitted a copy of the CID.

## STANDARD OF REVIEW

Delaware law places a heavy burden on a plaintiff seeking relief pursuant to Rule 59. [1] The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the

---

[1] *Kostyshyn v. Comm'rs of Town of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super.).
[2] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

2

decision.[3]  "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[4]  A court cannot "re-weigh" evidence on a motion for reargument.[5]

## ANALYSIS

### *Professional Services Exclusion*

Defendant ACE asserts that the Court did not consider pertinent policy language.  ACE argues that the Court misconstrued the Professional Services Exclusion to require that the services be provided directly to borrower clients.

Defendant states that the Opinion did not address the material differences between the policy language at issue in *Iberiabank Corp. v. Ill. Union Ins. Co.* [6] and the policy language at issue here.  Defendant specifically contends that the court mischaracterized the services at issue in the government investigation as "quality-control standards," instead of "professional services" that are provided directly to borrower clients.

The Court reiterates that insurance policies should be read as a whole.[7]  Terms are given their plain and ordinary meaning.[8]  Where a term is unambiguous, "a party

---

[3] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).
[4] *Id.* (quoting *Wilmington Trust Co. v. Nix*, 2002 WL 356371 (Del.Super.).
[5] *Manichean Capital, LLC v. Sourcehov Holdings, Inc.*, 2020 WL 11660067, at *3 (Del. Ch.).
[6] 2019 WL 585288 (E.D. La.), *aff'd*, 952 F.3d 339 (5th Cir. 2020).
[7] *Viking Pump, Inc. v. Century Indem. Co.*, 2 A.3d 76, 90 (Del. Ch. 2009), *aff'd*, 148 A.3d 633 (Del. 2016).
[8] *Id.*

will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had not assented." [9]   Coverage provisions are to be read broadly while exclusion provisions should be read narrowly.[10]   "The burden of proving the applicability of any exclusions or limitations on insurance coverage lies with the insurer...." [11]

The Court finds that the Opinion properly considered the differences between the policy language in *Iberiabank* and the policy language in this action. This Court quoted the "Professional Services" provision in *Iberiabank,* in order to provide context to the "plain and ordinary meaning" of the term at issue—"professional services." The Court interpreted the exclusion provision narrowly. The Defendant did not overcome the burden of proving the applicability of the exclusion.

### Receipt of a Copy of the CID

Defendant further asserts that reargument is appropriate because the email, sent July 8, 2019 describing the CID and investigation, did not include a copy of the CID. The Defendant states that the CID was not received by the Defendant until

---

[9] *Hallowell v. State Farm Mut. Auto. Ins. Co.,* 443 A.2d 925, 926 (Del. 1982).
[10] *Ferrellgas Partners L.P. v. Zurich Am. Ins. Co.,* 2020 WL 363677, at *13 (Del. Super.).
[11] *Alstrin v. St. Paul Mercury Ins. Co.,* 179 F. Supp. 2d 376, 388 (D. Del 2002); *see Cirka v. National Union Fire Ins. Co. of Pittsburgh, PA,* 2004 WL 1813283, at *4 (Del. Ch.).

December 16, 2019— five months after GRI gave notice.  Both Plaintiff and Defendant concede that notice of the CID was given on July 8, 2019.  The copy of the CID was provided to Defendant at a subsequent date.

The Court need not address issues immaterial to the decision.  The Court finds that the date at which the *copy* of the CID was provided is immaterial.  The material issue is whether GRI properly asserted a claim during the policy period.  The Court found that the CID, in this instant case, was similar to the policy language consistent in *Conduent.* [12]  Thus, the CID is considered a claim. The Defendant concedes notice of the investigation and a description of the CID  were provided on July 8, 2019. The Policy period is June 20, 2018 to July 21, 2019.

## CONCLUSION

The Court finds Defendant's arguments unpersuasive.  The Court has reviewed and considered the parties' written submissions and arguments.  The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendants' Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[12] *Conduent State Healthcare, LLC v. AIG Specialty Ins. Co.*, 2019 WL 2612829 (Del. Super.).

5