# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TAMEKA RICHARDSON, as NEXT )
FRIEND OF N.D., a minor, )
            )
        Plaintiff, )
            )
        v. )        C.A. No. N18C-10-026 JRJ
            )
CHRISTIANA CARE HEALTH )
SERVICES, INC., )
            )
        Defendant. )

Date Submitted: September 14, 2021
Date Decided: November 19, 2021

## ORDER

Upon consideration of Defendant Christiana Care Health Services, Inc.'s "Motion for Reargument as to Plaintiff's Motion *in Limine* to Exclude Certain Causation Testimony from Dr. Neil Silverman and Dr. Harold Wiesenfeld and as to Portions of Plaintiff's Omnibus Motion *in Limine*,"[1] Plaintiff's Opposition thereto;[2] and the record in this case, **IT APPEARS THAT:**

1.      Defendant and Plaintiff Tameka Richardson ("Plaintiff"), as next friend of her grandson ("N.D."), filed several motions *in limine* in this case.[3] Following

---

[1] Defendant's Motion for Reargument ("Def. Mot."), (Trans. ID. 66721030).
[2] Plaintiff's Response ("Pl. Resp."), (Trans. ID. 66733571).
[3] Trans. ID. 65863005; Trans. ID. 65863041; Trans. ID. 65946141; Trans. ID. 65946227; Trans. ID. 65946338; Trans. ID. 65946477; Trans. ID. 65946740.

extensive oral argument on those motions,[4] the Court issued a Memorandum Opinion deciding the motions on June 21, 2021.[5]

2. On June 28, 2021, Defendant filed a timely Motion for Reargument.[6] In its Motion for Reargument, Defendant argues the following: (1) the Court erred in precluding Dr. Neil Silverman and Dr. Harold Wiesenfeld's causation testimony;[7] and (2) the Court failed to address whether evidence that N.D.'s mother had been noncompliant with certain medical treatments could be used for a purpose other than arguing comparative negligence.[8]

3. According to Defendant, the Court erred in several respects: Dr. Silverman and Dr. Wiesenfeld's causation opinions are based on their experience, research, and knowledge of the literature—not merely the six articles that were produced;[9] the Court misapplied *Timblin v. Kent General Hospital*;[10] the Court's exclusion of the doctors' causation opinions is inherently unfair to Defendant because the Court has not prohibited Plaintiff from offering opinions based on

---

[4] *See* Trans. ID. 66454859.
[5] Memorandum Opinion ("Mem. Op."), (Trans. ID. 66703354).
[6] Def. Mot., Trans ID. 66721030.
[7] *Id*. at 1. The specific causation testimony Defendant seeks to reargue is the doctors' shared opinion that when a mother is infected with HIV during pregnancy, the risk that her baby will be infected with HIV in utero is greater than 50%. Mem. Op., Trans. ID. 66703354.
[8] Def. Mot., Trans. ID. 66721030 at 7. This second issue is not properly before the Court on a Motion for Reargument because it was not addressed in the Plaintiff's Omnibus Motion, and the Court did not rule on this issue in its June 21, 2021 Memorandum Opinion. Consequently, this issue will be addressed as a motion *in limine* in a separate order.
[9] *Id,* at ¶¶ 2–3.
[10] *Id.* at ¶ 4 (citing *Timblin v. Kent General Hosp.*, 640 A.2d 1021 (Del. 1994)).

2

statistics;[11] and the Court's exclusion of the doctors' causation opinions was overbroad in that the Court excluded *all* of the doctors' causation opinions, whereas Plaintiff sought exclusion only of the doctors' causation opinions relating to the timing of transmission.[12]

4.      In response, Plaintiff states:

> This Court heard extensive oral argument regarding Plaintiff's Motions *in Limine* on March 25, 2021. Defendant's six page Motion for Reargument contains no new facts of legal argument, despite alleging that the Court misapprehended the law or the facts. Instead, Defendant simply rehashes the arguments it has already made, which the court rejected. As such, Plaintiff respectfully requests that Defendant's motion be denied.[13]

5.      A Motion for Reargument is governed by Superior Court Civil Rule 59(e).[14] The purpose of such motion is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[15] Pursuant to Rule 59(e), such a motion will be denied unless the movant demonstrates that the Court "has overlooked precedent or legal principles, or the Court has misapprehended the law or the facts such as would have changed the outcome of the underlying decision."[16] A motion for

---

[11] *Id.* at ¶ 5.
[12] *Id.* at ¶ 6.
[13] Pl. Resp. at ¶ 2.
[14] Super. Ct. Civ. R. 59(e).
[15] *Baldwin v. New Castle Cty.*, 2020 WL 638858, at *2 (Del. Super. Ct. Feb. 11, 2020) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).
[16] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. Ct. 2016) (internal quotations omitted) (quoting *Kennedy v. Invacare, Inc.*, 2007 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006)).

reconsideration or reargument is not an opportunity to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[17]

6.      The Defendant argues that the Court misapplied *Timblin* in excluding the statistical evidence relied upon by Dr. Silverman and Dr. Wiesenfeld.  As the Court explained, the statistical evidence at issue risked improperly misleading the jury[18] as it "invite[s] the jury to infer that any alleged negligence could not be the proximate cause of the injury in this case because that injury was statistically likely to happen anyway."[19]  The Court determined that the danger of such evidence misleading or confusing the jury far outweighed the potential probative value of the proffered evidence.[20]  In addition, the Court explained that it was relying on its "broad latitude" under Delaware Rule of Evidence ("D.R.E.") 702 to strike the evidence as unreliable "due to the absence of supporting literature and the existence of contradictory literature (and testimony)."[21]  Defendant argues that *Timblin* permits

[17] *CNH Am., LLC v. Am. Cas. Co. of Reading, Pa.*, 2014 WL 1724844, at *1 (Del. Super. Ct. Apr. 29, 2014); *see also Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007) ("Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59.").

[18] Mem. Op., Trans. ID. 66703354 at 7; D.R.E. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, . . . misleading the jury, . . .").

[19] Mem. Op., Trans. ID. 66703354 at 7; *Timblin*, 640 A.2d at 1024-26; *cf. Crowhorn v. Boyle*, 793 A.2d 422, 433 (Del. Super. Ct. 2002) (noting that the doctor's general "proposition that seventy-five percent of chronic back pain sufferers 'get better' in six weeks . . . would have no application to" the plaintiff because the doctor "offer[ed] no basis for placing [the plaintiff] among the seventy-five percent.").

[20] Mem. Op., Trans. ID. 66703354 at 7.

[21] Mem. Op., Trans. ID. 66703354 at 7-8; *see Crowhorn v. Boyle*, 793 A.2d at 433 (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993)) ("*Daubert* requires that the

4

statistical evidence "to rebut the nexus between the defendant's conduct and the plaintiff's injury by showing that the injury was likely to occur regardless of the defendant's alleged negligence."[22] But the above cited quote from *Timblin* actually begins with the following: "Statistical evidence may be relevant in appropriate circumstances . . .".[23] And the sentence that directly follows the quote provided by Defendant is: "*[e]ven in such circumstances . . . the evidence must be carefully scrutinized to ensure its relevance and guard against unfair prejudice*."[24] As the Delaware Supreme Court noted in *Timblin*:

> Delaware courts have recognized that evidence of statistical probability creates a significant risk of jury confusion and unfair prejudice because such evidence may lead a jury to decide a case based on what happens normally instead of what happened in the case before it.[25]

*Timblin* makes clear that when determining the admissibility of statistical evidence, the Court must apply the D.R.E. 403 balancing test.[26] The Court did so here and

---

expert's reasoning be both scientifically valid and applicable to the facts of the case."); *see also Perry v. Berkley*, 996 A.2d 1262, 1267 (Del. 2010) ("This Court has adopted the United States Supreme Court holding in *Daubert,* which requires that an expert's opinion be based upon a proper factual foundation and sound methodology to be admissible, as the correct interpretation of D.R.E. 702. Pursuant to that rule, the trial judge acts as the gatekeeper to determine whether a proffered expert's testimony satisfies D.R.E. 702 and is thus admissible as evidence. In making that determination, the trial judge has "broad latitude" to decide whether the proffered expert testimony is sufficiently reliable and relevant.").

[22] Def. Mot., Trans. ID. 66721030 at ¶ 4 (citing *Timblin*, 640 A.2d at 1024 (Del. 1994)).

[23] *Timblin*, 640 A.2d at 1024.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 1023. The court explains that D.R.E. 403 provides the following:
"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the

decided under the facts and circumstances in this case that the statistical evidence created a substantial risk of unfair prejudice and jury confusion.[27] In so ruling, the Court did not overlook precedent or legal principles, nor did it misapprehend the law or the facts such as would have changed the outcome.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant Christiana Care Health Services, Inc.'s Motion for Reargument as to Plaintiff's Motion *in Limine* to Exclude Certain Causation Testimony from Dr. Neil Silverman and Dr. Harold Wiesenfeld is **DENIED**.

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc: Prothonotary

---

jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." *Id.*

[27] Mem. Op., Trans. ID. 66721030 at 7. ("The doctors' statistical opinions . . . risk misleading the jury . . .").