# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. N17C-11-137 MMJ CCLD |
| ACCESS CONTROL RELATED | ) |
| ENTERPRISES, LLC; LLR EQUITY | ) |
| PARTNERS, IV, L.P.; LLR EQUITY | ) |
| PARTNERS PARALLEL IV, L.P.; | ) |
| SETH LEHR, an individual; | ) |
| DAVID STIENES, an individual; | ) |
| GREG CASE, an individual; | ) |
| ROBERT CHEFITZ, an individual; and | ) |
| JOSEPH GRILLO, an individual. | ) |
| | ) |
| Defendants. | ) |

Submitted: October 19, 2021
Decided:  December 1, 2021

On Plaintiff's Motion for Reargument
**DENIED**

## ORDER

1.  By Order dated September 27, 2021, the Court denied Plaintiff's Renewed Motion to Dismiss.

2.  Plaintiff has moved for reargument.  Plaintiff contends that the Court misapprehended material facts about the status of the related case pending in California.

1

3.  Plaintiff further asserts that the Court misapprehended material facts about the status of the dismissal of Plaintiff's claim for breach of fiduciary duty.  Plaintiff also cites a decision of the California Court that Defendants would not be prejudiced by proceeding in California on all claims.

4.  The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1]  Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[2]  "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3]  To the extent Plaintiff has asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[4]

5.  The Court has reviewed and considered the parties' written submissions and arguments.  The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

---

[1]*Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).
[2]*Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).
[3]*Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).
[4]*Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston
