**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

Submitted: October 22, 2024
Decided:  January 17, 2025

Michael R. Ippoliti, Esquire
Christopher Isaac, Esquire
Ippoliti Law Group
1225 N. King Street, Suite 900
Wilmington, Delaware 19801

Aaron E. Moore, Esquire
M. Claire McCudden, Esquire
Marshall Dennehey, P.C.
1007 N. Orange Street, Suite 600
Wilmington, Delaware 19899

**Re:** *Felicia Scarangello and Estate of Aletha P. Scarangello v. Mary Culley, Esquire, and Morris James LLP*
**C.A. No. N23C-09-185 VLM**

Dear Counsel:

This is the Court's ruling on Defendants' Motion for Reargument ("the Motion") under Superior Court Civil Rule 59(e).  After consideration of all pleadings and oral arguments, for the reasons stated herein, the Motion is **GRANTED.**

## RELEVANT FACTS AND PROCEDURAL HISTORY[1]

This matter stems from a legal malpractice action filed by Felicia Scarangello ("Felicia") and the Estate of Aletha P. Scarangello (the "Estate") (collectively, "Plaintiffs") against attorney Mary Culley ("Culley") and the law firm Morris James

---

[1] Unless otherwise noted, this Court's recitation is drawn from Plaintiff's First Amended Complaint, D.I. 12 ("Am. Compl.") and all relevant pleadings the parties incorporated by reference, including Defendants Mary Culley, Esquire and Morris James LLP's Opening Brief in Support of their Motion to Dismiss First Amended Complaint, D.I. 18 ("MTD Opening Br."), Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss First Amended Complaint, D.I. 22 ("MTD Opp'n"), and Defendants, Mary Culley, Esquire's and Morris James, LLP's Reply Brief in Support of Their Motion to Dismiss First Amended Complaint, D.I. 23.

1

LLP (collectively, "Defendants").[2] The underlying dispute centers on Defendants' representation of Plaintiffs in matters concerning alleged financial misconduct by Felicia's brother, Anthony Scarangello, II ("Anthony"), involving their mother Aletha's assets.[3]

This Court previously provided a detailed account of the facts in its May 22, 2024 Order denying the Defendants' Motion to Dismiss ("the Order").[4] For the purpose of the Motion, the relevant facts and procedural history are as follows:

In April 2015, Felicia retained Defendants to address allegations that Anthony had misappropriated funds from various trusts and accounts belonging to Aletha Scarangello and/or Felicia.[5] On August 28, 2015, Felicia (via Culley) formally petitioned the Court of Chancery for the Appointment of Guardian.[6] On January 18, 2017, the Court of Chancery issued a Final Report that could not recommend Anthony's removal as trustee.[7]

Plaintiffs assert that between this date and the date of Culley's retirement, she should have immediately filed a new action against Anthony.[8] Instead, in June 2018, Felicia learned that Culley retired without receiving any notice from either Culley or Morris James.[9] Felicia then discharged Defendants and retained new counsel.[10]

---

[2] Am. Compl. at 1.

[3] *Id.* ¶ 12.

[4] *See* Letter Order, D.I. 25 ("Letter Order").

[5] Am. Compl. at 1.

[6] Plaintiffs assert Culley wrongly advised Felicia regarding the need to first establish a guardianship and contend that there could have been a more prudent course of action. MTD Opp'n at 9, n.4.

[7] *Id.* at 11–14.

[8] *Id.* at 14. Plaintiffs further assert Culley acknowledged the existence of a viable claim against Anthony, provided advice that caused needless delay, and failed to file a timely action on Felicia's behalf.

[9] *Id.* at 17, n.29.

[10] *Id.* at 17.

Represented by new counsel, Felicia filed a second action.[11] Through subsequent legal proceedings in both the Court of Chancery and the Supreme Court, Plaintiffs' claims against Anthony were ultimately found to be time-barred under the doctrine of laches.[12]

In September of 2020—pending the Supreme Court's ruling—the parties entered into their first tolling agreement (the "First Tolling Agreement"), which was followed by two subsequent agreements in 2021 and 2022 (respectively, the "Second Tolling agreement" and "Third Tolling Agreement").[13] Unable to reach resolution, Plaintiffs filed their original Complaint alleging legal malpractice against Defendants on September 21, 2023,[14] later amended on December 15, 2023.[15]

Defendants moved to dismiss, arguing primarily that the claims were barred by Delaware's three-year statute of limitations for legal malpractice actions.[16] After full briefing and oral arguments, the Court denied Defendants' Motion to Dismiss.[17]

On May 30, 2024, Defendants filed the present Motion under Superior Court Rule 59(e), specifically challenging the Court's treatment of the Estate's claims.[18] Plaintiffs filed their response in opposition on July 16, 2024.[19] The Motion has been fully briefed, oral arguments have been heard, and it is now ripe for decision.

---

[11] *Id.* at 18.

[12] MTD Opp'n at 20.

[13] MTD Opening Br., Exs. C ("First Tolling Agreement"), D ("Second Tolling Agreement"), and E ("Third Tolling Agreement").

[14] *See generally* Plaintiff's Malpractice Complaint, D.I. 1.

[15] *See generally* Am. Compl.

[16] *See* MTD Opening Br. at 7–11.

[17] *See generally* Letter Order.

[18] *See* Defendants Mary Culley, Esquire's and Morris James, LLP's Mot. for Reargument, D.I. 26 ("MFR").

[19] *See generally* Plaintiff's Response in Opposition to Motion for Reargument, D.I. 30 ("MFR Opp'n").

## STANDARD OF REVIEW

A motion for reargument permits a trial court to reconsider its findings of fact, conclusions of law, or judgment.[20] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[21] The moving party has the burden to demonstrate that the Court must correct an error of law or prevent manifest injustice deriving from its judgment.[22] "A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court."[23] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would affect the outcome of the decision" challenged.[24]

## DISCUSSION

### A. MOTION FOR REARGUMENT

Plaintiffs maintain Rule 59 consideration is improper because Defendants merely rehash what has already been considered here.[25] Defendants, however, indicate that this Court did not specifically address the issue as to whether the Estate's claims should be dismissed because it was not a party to the Tolling Agreements—and even if it did as to the First Tolling Agreement—its claims are still time barred because it was not a party in the Second and Third Tolling Agreements.[26] Defendants have met the burden under Rule 59(e).

---

[20] *See Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008) ("A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusion of law, or judgment.") (internal citations omitted).

[21] *Kostyshyn v. Comm'rs of Town of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).

[22] *See Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors").

[23] *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Aug. 27, 2015) (citing cases).

[24] *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Aug. 9, 2000).

[25] *See* MFR Opp'n.

[26] MFR at 3–5.

In its Order, this Court acknowledged Defendants' assertion that "Felicia's designation as Administrator was false when [the parties] entered into the first agreement [making] the tolling agreements voidable."[27] It weighed this argument against the parties' course of conduct and concluded that "Defendants had proceeded as if Felicia was indeed authorized to negotiate, file, and act on behalf of the Estate."[28] Plaintiffs' response to the Motion focuses only on the Order's ruling as it relates to the First Tolling Agreement and does not reference Defendants' arguments as to the remaining agreements.[29]

Upon review, the three tolling agreements are indeed linked—yet with distinction. While the Court's analysis addressed the validity of the First Tolling Agreement, it did not separately consider that the Estate was facially not a party to the Second Tolling Agreement or the Third Tolling Agreement. This difference proves dispositive.

The Estate was not established until June 2022.[30] While it was named as a party in the First Tolling Agreement, it was explicitly not included in the Second or the Third Tolling Agreement.[31] "When interpreting a contract, the role of a court is to effectuate the parties' intent."[32] "When the language of a…contract is clear and unequivocal, a party will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create a new contract with rights,

---

[27] Letter Order at 8.

[28] *Id.*

[29] *See* MFR Opp'n at 2–5.

[30] *See* MTD Opening Br., Ex. B.

[31] "This Tolling Agreement (the "Agreement") is entered into on this the 9th day of September, 2021 [2022] (the "Effective Date") by and between Morris James LLP and Mary M. Gulley, Esquire (collectively "Moms James") and Felicia Scarangello ("Felicia")." Second Tolling Agreement at 1; Third Tolling Agreement at 1. *Contra* First Tolling Agreement at 1. "This Tolling Agreement (the "Agreement") is entered into on this the 9th day of September, 2020 (the "Effective Date") by and between Morris James LLP and Mary M. Culley, Esquire (collectively "Morris James") and Felicia Scarangello ("Felicia") and The Estate of Aletha P. Scarangello (the "Estate")."

[32] *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 739 (Del. 2006).

5

liabilities and duties to which the parties had not assented. . . ."[33] Therefore, absent any ambiguity, the plain language of the contract governs, and the Court will not substitute its own understanding on the contract terms.

### B. MOTION TO DISMISS

Since the Estate was not a party to the Second or Third Tolling Agreement, the Court must revisit the Statute of Limitations analysis.

Under Delaware law, legal malpractice claims accrue "at the time of the alleged malpractice,"[34] and Delaware has not adopted the continuous representation rule.[35] The timing of events is therefore crucial to this analysis. The alleged malpractice, according to Plaintiffs, occurred between 2015 and March 2018.[36]

The First Tolling Agreement, executed on September 9, 2020, expired one year after its inception.[37] The Estate's claim was not brought until Plaintiffs filed their original Complaint on September 21, 2023.[38] Attorney Culley retired, and Felicia retained new counsel no later than June 15, 2018. Under Delaware's three-year statute of limitations,[39] these malpractice claims needed to be filed on or before June 15, 2021. Even accounting for the one-year tolling provided by the First Agreement, the Estate's claims remain untimely. Consequently, the Estate's claim in the Amended Complaint is barred by the statute of limitations.

---

[33] *Id.* (citing *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992)).

[34] *Sammons v. Anderson*, 968 A.2d 492, 492 (Del. Mar. 9, 2009).

[35] *Young Conaway Stargatt & Taylor, LLP v. OKi Data Corp.*, 2014 WL 4102139, at *3 (Del. Super. Aug. 1, 2014) ("Defendants counter that the continuous representation rule tolled the statute [of limitations] … the Court is not willing to stretch the statute of limitations to the degree argued by Defendants…").

[36] Am. Compl. at 6–14.

[37] *See* First Tolling Agreement at 1.

[38] *See generally* Plaintiff's Malpractice Complaint, D.I. 1.

[39] "The three year statute of limitations set forth in 10 *Del. C.* § 8106 governs legal malpractice actions in Delaware." *Sammons*, 968 A.2d at 492 (citing 10 *Del. C.* § 8106).

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reargument is **GRANTED**. Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to the Estate's claims.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Vivian L. Medinilla*

_____
Vivian L. Medinilla
Judge

cc: Prothonotary-Civil