# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GLENN CARPENTER, )
)
            Plaintiff, )
    v. )
)   C.A. No. N23C-06-081 FJJ
LIBERTY MUTUAL INSURANCE )
COMPANY, and LM GENERAL )
INSURANCE COMPANY, )
)
           Defendants. )
)

## ORDER ON THE PARTIES RESPECTIVE MOTIONS FOR REARGUMENT and ON PLAINTIFF'S MOTION FOR COSTS AND FEES

1. On November 24, 2025, this Court issued an Opinion and Order in this case granting summary judgment to Plaintiff on whether there was an agreement between the parties to settle an underinsured motorist claim under an Automobile Policy for $100,000. In that same decision, the Court granted Defendant's Motion on Plaintiff's punitive damages. Both Plaintiff and Defendants have moved for reargument of the Court's decision. In addition, Plaintiff has filed a motion for costs and attorneys' fees.

2. The purpose of moving for reargument is to seek "reconsideration of findings of fact, conclusions of law, or judgment of law."[1] "Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has

---

[1] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super. Ct. Mar. 16, 2005) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

1

misapprehended the law or the facts in a manner affecting the outcome of the decision."[2] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3] To the extent the moving Defendants asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[4] A court cannot "re-weigh" evidence on a motion for reargument.

3. I first turn to Plaintiff's motion for reargument. The motion sets for no new arguments and it is merely a rehash of prior arguments that were made in the briefing on this motion. Therefore, Plaintiff's Motion for Reargument is **DENIED**.[5]

4. Defendants' motion does raise arguments that were raised in the initial papers and to those arguments Defendants' Motion is **DENIED**. However, Defendants raise additional arguments which I will now consider.

5. Defendants assert that Count III of the Amended Complaint does not plead that there was a breach of contract between the parties regarding whether there was a settlement of the $100,000 policy limit under the automobile policy.

---

[2] *Ferguson*, 2005 WL 628026, at *1.
[3] *Id.* (quoting *Wilmington Tr. Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super. Ct. Feb. 21, 2002)).
[4] *Oliver v. Boston Univ.*, 2006 WL 4782232, at *1 (Del. Ch. Dec. 8, 2006) (quoting *Lane v. Cancer Treatment Ctrs. of Am., Inc.*, 2000 WL 364208, at *1 (Del.Ch. Mar.16, 2000)).
[5] Plaintiff, in his response to Defendant's Motion for Reargument, maintains that the Court did not expressly address Plaintiff's bad faith claim in its decision. I draw Plaintiff to pages 15-17 of the slip opinion. More specifically, the Court points to its conclusion that Defendants had a good faith basis to take the position that it did until it became clear in the fall of 2025 that the settlement of the automobile policy was not conditioned on the settlement of the motorcycle policy. In addition, there is simply no factual support for the allegation that Defendant conducted the litigation in bad faith.

Paragraph 54 pleads that there was an agreement to settle the automobile policy for the policy limit of $100,000. Defendants maintain that the Court's Opinion contains an internal inconsistency based on the Court's finding that there was an agreement to settle for $100,000 and the Court's statement at page 16 that "as the case was litigated it was not clear to the parties or the Court that there was an agreement to pay the $100,000 automobile policy." There is no internal inconsistency in the opinion. Initially, as the case was being litigated without the benefit of the adjuster's deposition and Defendants' Answers to request to Admissions, it was unclear whether there was a meeting of the minds. But the referenced discovery responses made it crystal clear that there was a meeting of the minds.

6. Defendants point the Court to other facts, not referenced in the opinion, that Defendants contend create an issue of fact about whether there was a meeting of the minds. The problem with this argument is that Defendants' response to request for admissions clearly admits otherwise. The Court rejects the Defendants' interpretation of what was admitted by defendants in the response to request for admissions. This Court is of the view that the answer to the admissions and the adjuster's deposition testimony make it clear clear there was a meeting of the minds on the settlement of the automobile policy limit.

7. I now turn to Plaintiff's motion for costs and attorneys' fees. Ordinary court costs are governed by Rule 54 which provides that ordinary court costs should

3

be awarded to the prevailing party.[6]   Plaintiff first seeks $4,149.44 in deposition, mediation and filing costs.  The Court awards $1,819.00 for File & Serve charges; $30.00 for court scribes; $85.00 for service fees; and $375.00 for mediation fees for a total of $2,309.00.[7] The Court denies Plaintiff's request for the costs of the deposition of the Liberty Mutual adjuster ($1,479.75); for the plaintiff's deposition ($330.69); and carrier costs related to the Federal District Court litigation ($30.00).  These costs do not fall within the ambit of ordinary court costs.

8.  Plaintiff also seeks costs of $8,889.94 associated with the December 2024 jury trial that resulted in a jury finding of plaintiff's damages of $5,000 for underinsured motorist coverage.  Given that plaintiff had already received $25,000 from the tortfeasor's carrier, Plaintiff was not the prevailing party as to this issue.  Therefore, Plaintiff's request for the costs associated with the trial are denied.

9.  Plaintiff has made a claim for attorneys' fees.  Delaware follows the American Rule that each party is responsible for its own attorney's fees.[8] An exception to the American Rule is the bad faith exception which allows fee shifting against a party that has acted in bad faith in connection with the litigation

---

[6] Superior Court Civil Rule 54.

[7] I make no attempt to divide these costs between the first trial and the remainder. While plaintiff was not the prevailing party for the specific costs related to the first trial, Plaintiff is the prevailing party as to the case as a whole. The mediation dealt with the entire case, not just these issues related to the December 2024 trial. As such, I award the entire mediation fee.

[8] *In Re Delaware Public Schools Litigation*, 312 A.3d 703, 715 (Del. 2024).

4

process. Plaintiff points to this exception maintaining that fees should be shifted because Defendants engaged in bad faith in the litigation. The basis for the plaintiff's claim of bad faith mirror those that Plaintiff relied on to support his claim for punitive damages. Having found no basis for punitive damages, this Court concludes that there is no factual basis for shifting of fees in this case. Therefore, Plaintiff's motion for an award of attorney's fees is **DENIED**.

**IT IS SO ORDERED** this 12th day of December, 2025**.**

_/s/ Francis J. Jones, Jr._

Francis J. Jones, Jr., Judge

cc:    File&ServeXpress
        Counsel via File & ServeXpress