# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRUST-ED SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GILBERT LLP, | ) C.A. No. N20C-06-229 MMJ CCLD | |
| | ) | |
| Defendant/Counterclaim-Plaintiff/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RACHEL L. COSGROVE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Submitted: November 1, 2022
Decided:  November 2, 2022

On Trust-Ed Solutions, LLC and Rachel L. Cosgrove's
Motion for Reargument
**DENIED**

On Gilbert LLP's Motion for Limited Reargument
**DENIED**

On Trust-Ed Solutions, LLC and Rachel L. Cosgrove's
Motion to Supplement the Summary Judgment Record
**DENIED**

## **ORDER**

1

1. By Opinion dated October 18, 2022, the Court considered cross motions for summary judgment. The Court held:

The Court finds: (1) that the only applicable processing rate is the "All-Inclusive" $35 per gigabyte rate included in the Pricing Model; (2) that Gilbert did not waive its contractual rights; (3) that MCS validly assigned the breach of contract claim to Gilbert and champerty does not apply; (4) that there are genuine issues of material fact concerning the total amount that Gilbert should have been charged for hosting data; (5) that Trust-ED is not entitled to any additional forensic collection fees; (6) that Gilbert's failure to pay in full was not a termination of the contract and a genuine issues of material fact exist as to whether Trust-ED is entitled to post-termination storage fees; (7) that Trust-ED's account stated claim is dismissed; (8) that there are genuine issues of material fact concerning the alleged fraud; (9) that summary judgment is granted in favor of Trust-ED regarding Counts I–IV of Gilbert's counterclaims for lack of record evidence of damages; (10) that quantum meruit may proceed as a potential measure of damages; (11) that the Third-Party Complaint adding Cosgrove as a party is appropriate; and (12) that the Consulting Agreement limits incidental damages for breach of contract claims.

### *Gilbert's Motion for Partial Summary Judgment*

Gilbert's request for a declaration that the only applicable processing rate be the "all-inclusive" $35 per gigabyte rate included in the Pricing Model is hereby **GRANTED**.

Gilbert's request for a declaration that Trust-ED breached its contract with MCS by failing to pay MCS for its work, and that Gilbert, as a valid assignee of MCS's breach of contract claim is hereby **GRANTED**. The amount of damages will be determined at trial.

Gilbert's request for a declaration that Trust-ED is not entitled to any post-termination storage fees is hereby **DENIED**.

Trust-ED's account stated claim is hereby **DISMISSED**.

Gilbert's request for summary judgment in its favor on Trust-ED's quantum meruit claim is hereby **DENIED**.

Gilbert's request for a declaration that it does not owe Trust-ED additional forensic collection fees is hereby **GRANTED**.

Gilbert's request for a declaration of the maximum amount Gilbert should have been charged for hosting is hereby **DENIED**.

### *Trust-ED's Motion for Partial Summary Judgment*

Trust-Ed's account stated claim (Count III) is hereby **DISMISSED**.

Trust-ED's request for summary judgment in its favor for the breach of contract counterclaim Counts VI (Hosting Fees) and VII (Gilbert as assignee of MCS) is hereby **DENIED**.

Cosgrove's request for summary judgment in her favor for Gilbert's Third-Party Complaint against her is hereby **DENIED**.

Trust-ED's request for summary judgment in its favor for Gilbert's breach of contract counterclaim Counts I–IV is **GRANTED** and Counts I–IV are hereby **DISMISSED**.

The damages for the remaining breach of contract counterclaim counts are limited by the Consulting Agreement to direct damages.

**IT IS SO ORDERED.**[1]

2. Two Motions for Reargument have been filed. Trust-Ed Solutions, LLC and Rachel L. Cosgrove's Motion for Reargument asserts: the Court misunderstood or improperly rewrote Section 4.1 of the Agreement with respect to the processing charges and the forensic collection fees; the Court misapprehended the facts and law, and improperly decided clear issues of fact regarding Waiver and Account Stated; and reargument is warranted on the issue of the processing charges.

---

[1]The Opinion remains under seal as of the date of this Order.

3. Gilbert LLP's Motion for Limited Reargument contends that Trust-Ed's claim for post-termination storage fees depends entirely upon either an oral termination or an automatic termination. Therefore, there are no issues of material fact preventing summary judgment in Gilbert's favor. Alternatively, Gilbert requests that the Court clarify what genuine issues of material fact remain.

4. Trust-Ed Solutions, LLC and Rachel L. Cosgrove also have filed a Motion to Supplement the Summary Judgment Record. They seek to have the Court consider the deposition testimony of a witness deposed after the discovery deadline.

5. The parties presented argument on the summary judgment motions on August 10, 2022. The witness was deposed on October 13, 2022. The Motion to Supplement the Summary Judgment Record, along with the deposition transcript, were filed on October 14, 2022. The Court issued its summary judgment opinion on October 18, 2022.

6. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the

---

[2]*Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

decision.[3]  "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[4]  To the extent the parties asserted issues that were not raised in the submissions in support of summary judgment  motions, new arguments may not be presented for the first time in a motion for reargument.[5]

7.  The Court has reviewed and considered the parties' written submissions and arguments.  The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.  All arguments presented in both reargument motions either have previously been considered and resolved by the Court, or are new arguments not appropriately raised for the first time on reargument.  The outstanding issues of genuine material fact are clearly outlined in the October 18, 2022 Opinion.  Therefore, the request for clarification also is denied.

8.  Further, having found no party has successfully asserted any issue requiring the Court to modify its detailed rulings issued in the October 18, 2022 Opinion, the Court finds that the Motion to Supplement the Summary Judgment Record is moot, as well as untimely.

---

[3]*Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).

[4]*Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

[5]*Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).

**THEREFORE,** Trust-Ed Solutions, LLC and Rachel L. Cosgrove's

Motion for Reargument is hereby **DENIED.** Gilbert LLP's Motion for Limited

Reargument is hereby **DENIED.** Trust-Ed Solutions, LLC and Rachel L.

Cosgrove's Motion to Supplement the Summary Judgment Record is hereby

**DENIED.**

    **IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston
