# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NEWWAVE TELECOM AND TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | C.A. No. N20C-09-215 MMJ CCLD |
| ZE JIANG, et al. | ) ) ) | |
| Defendants/Counterclaim-Plaintiffs. | ) | |

Submitted: October 11, 2023
Decided October 19, 2023

On Defendants Jiang, Asarsa and Dolph's Motion for Reargument
**DENIED**

## ORDER

1. Following a non-jury trial, the Court issued an Opinion dated September 27, 2023.[1] The Court granted in part and denied in part Defendants' Motion to Dismiss. The Court held:

> The Court finds in favor of NewWave and against Defendants on:
>
> > Count I - Breach of Contract;

---

[1] 2023 WL 6548673 (Del. Super.).

Count II - Fraud in the Inducement;

Count III and Counterclaim VI - Declaratory Judgment;

Counterclaim IV - Tortious Interference with Business Relations;

Counterclaim V - Defamation; and

Breach of Contract - Earn-Out Agreement.

The parties are directed to present supplemental expert opinions as to the value of the assets subject to the SPA. Counsel shall confer as to a schedule for these submissions.[2]

2.      Defendants Jiang, Asarsa and Dolph ("Defendants") have moved for reargument.   Defendants contend that the Court misapprehended critical facts, misapplied applicable law, and Plaintiff failed to satisfy each and every element as to each Defendant.

3.      Defendants are correct that the Court erred by identifying Charles Berg as a Defendant in the following sentence: "As previously set forth, Defendant[]s Berg, Jiang and Asarsa made statements that constitute admissions that representations to NewWave, including those in the SPA, were not true."  Berg is not a Defendant.  Non-party witness Berg was, during the relevant time period, iQuartic's Chief Technical Officer.  The Court considered Berg's testimony as

---

[2] *Id.* at *9.

relevant to whether Jiang, Dolph and Asarsa knew that their representations to Plaintiff were false or made with reckless indifference to the truth. Therefore, the Court hereby corrects the Opinion as follows: "As previously set forth, Defendants Jiang and Asarsa made statements that constitute admissions that representations to NewWave, including those in the SPA, were not true. The testimony of Berg confirms that Defendants had knowledge that the EHRProfiler was only a minimum viable product and not fully functional, and that Berg specifically warned Jiang and Dolph that they should not 'lie to [NewWave] anymore about what we really have.'"

4.      Defendants argue that the Court improperly relied on extra-contractual statements, in contravention of the anti-reliance provision. The Court considered and rejected this argument, which was made in Defendants' post-trial briefs. External sources of information may be considered for the purpose of determining whether a "contractually identified fact was false or misleading."[3]

5.      Defendants contend that Plaintiff failed to prove fraud or fraud in the inducement by Dolph. This argument also fails. The testimony of both Berg and Dobbin demonstrates that Dolph had knowledge of the falsity, or at least reckless indifference to the truth, of the statements made to induce Plaintiff to enter into the SPA. Dolph did not deny at trial that he took no steps to correct any misapprehension

---

[3] *Prairie Capital III, L.P. v. Double E. Holding Corp.,* 132 A.3d 35, 55 (Del. Ch. 2015).

3

by Plaintiff regarding the actual capabilities of the EHRProfiler as of the time of the transaction.

6. Defendants contend that certain of Defendants' statements were taken out of context, specifically regarding timing. This argument was made through examination of witnesses and in post-trial briefing. The Court previously considered and rejected Defendants' version of the statements' context and timing.

7. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[4] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[5] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[6] To the extent the moving Defendants asserted issues that were not raised in the submissions in support of its motion, new arguments may not be presented for the first time in a motion for reargument.[7] A

---

[4] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

[5] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).

[6] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

[7] *Oliver v. Boston University,* 2006 WL 4782232, at *1 (Del. Ch.).

4

court cannot "re-weigh" evidence on a motion for reargument.[8]

8. The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
The Honorable Mary M. Johnston

---

[8] *Manichean Capital LLC v. Sourcehov Holdings, Inc.,* 2020 WL 11660067, at *3 (Del. Ch.).