**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| CONDUENT STATE HEALTHCARE, LLC, f/k/a/ XEROX STATE HEALTHCARE, LLC, f/k/a ACS STATE HEALTHCARE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AIG SPECIALTY INSURANCE COMPANY, f/k/a CHARTIS SPECIALTY INSURANCE COMPANY, *et. al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. N18C-12-074 MMJ CCLD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted: November 28, 2023
Decided:  January 4, 2024


On Defendants' Motion for Reargument
**DENIED**


## ORDER


Orrie A. Levy, Esq., Robin L. Cohen, Esq., Keith McKenna, Esq., Cohen Ziffer Frenchman & McKenna LLP, New York, New York; Jennifer C. Wasson, Esq., David A. Seal, Esq., Carla M. Jones, Esq., Potter Anderson & Corroon LLP, Wilmington, Delaware; *Attorneys for Plaintiff*


Kenneth J. Nachbar, Esq., Megan Ward Cascio, Esq., Courtney Kurz, Esq., Emily C. Freidman, Esq. Neal M. Glazer, Esq., Izak Weintraub, Esq., London Fischer, LLP; Robert J. Katzenstein, Esq., Julie O'Dell, Esq., Smith Katzenstein & Jenkins, LLP; Maaren A. Shah, Esq., Michael B. Carlinsky, Esq., Todd G. Bettie, Esq. Jonathan E. Feder, Esq., Quinn Emanuel Urquhart & Sullivan, LLP; Robert S. Harrell, Esq.,

Mayer Brown; Peter H. Kyle, Esq., John L. Reed, Esq., DLA Piper LLP (US); *Attorneys for Defendants*

**JOHNSTON, J.**

1. By Opinion dated February 14, 2023, the Court granted a new trial. The Court held:

> The Court finds that there are four principal reasons compelling retrial.
>
> The Court acknowledges that, in hindsight, the Winter Submission was so replete with evidentiary problems (hearsay, double or triple hearsay, inability to cross-examine the declarant, admitted lack of knowledge by the declarant), that it never should have been admitted—despite the agreement of the parties. As the trial progressed, that document, and speculative evidence about the bias and credibility of the absent witness, became a central focus.
>
> Contrary to several explicit written and bench rulings of the Court, AIG's counsel repeatedly referred to the jury a Press Release that had been unequivocally deemed inadmissible.
>
> Despite repeated admonishments by the Court, AIG's closing argument was intended to persuade the jury to draw improper inferences from information set forth in privilege logs.
>
> AIG further inaccurately and improperly argued that AIG never had any coverage obligation to Conduent. This argument is directly in violation of the Court's pretrial holding that AIG breached its contractual duty to pay defense costs.
>
> The Court finds that, in order to prevent manifest injustice, exceptional circumstances exist demonstrating that justice would miscarry if the jury's verdicts were allowed to stand. **THEREFORE,** Plaintiff's Motion to Set Aside the Judgment

Under Rule 59(d) and for a New Trial Under Rule 59(a) is hereby **GRANTED.**

**FURTHER THEREFORE,** Plaintiff's Motion for Judgment as a Matter of Law pursuant to Rule 50 is hereby **GRANTED IN PART.** The Court finds, as a matter of law, that AIG's initial denial of coverage, and continued repudiation of coverage obligations, relieved Conduent of any duty to cooperate or to seek consent with regard to settlement with the Texas Attorney General.

**IT IS SO ORDERED.**

Plaintiff's Application to Maintain Sealing is hereby **GRANTED.**[1]

2. Defendants have moved for reargument. Defendants contend that the Court failed to follow Rule 59(c) in granting a new trial on the basis of the Winter Submission, without first giving Defendants notice and an opportunity to be heard. The parties had agreed before trial that the Winter Submission could be used at trial. Therefore, Conduent waived any right to seek a new trial on the basis of the Submission, and the Court cannot order a new trial on its own initiative where no party could obtain a new trial on this basis. Defendants argue that the Court misapprehended Rule of Evidence 512(a) concerning negative inferences drawn by Defendants from Conduent's privilege assertions. Defendants contend that use of the Press Release was appropriate because Conduent opened the door. Finally,

---

[1] *Conduent State Healthcare, LLC v. AIG Specialty Ins. Co.*, 2023 WL 2256053, at *14 (Del. Super.).

Defendants assert that the verdict can be construed as consistent, and that even inconsistent verdicts must be accorded deference where findings rest on sufficient evidence.

3. Conduent responds that the post-trial briefing provided adequate opportunity for Defendants to address any issue relating to the Winter Submission, as contemplated by Rule 59(c). Conduent's agreement to use of the Winter Submission was not unlimited. Conduent had preserved objections to certain portions of the document. The *manner* in which Defendants used the Submission was unfairly prejudicial. Proper use of the privilege logs, and any inferences to be drawn therefrom, was a hotly-contested issue both pretrial and throughout trial. Conduent asserts that Defendants' references to the Press Release were contrary to the Court's repeated rulings. Defendants' suggestion to the jury - that coverage decisions were correct - was erroneous and improper.

4. The reasons for the Court's decision are set forth in detail in the February 14, 2023 Opinion.

5. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a

---

[2]*Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969).

precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[3] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[4]

6. The Court has reviewed and considered the parties' written submissions. The Court finds that oral argument would be neither necessary nor helpful. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

_Mary M. Johnston_
The Honorable Mary M. Johnston

---

[3]*Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).

[4]*Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).