**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 5, 2024

Frank E. Noyes, II, Esquire
Offit Kurman, P.A.
222 Delaware Ave., Suite 1105
Wilmington, Delaware 19801

David L, Konick, Esquire, *pro se*
P.O. Box 57
Washington, Virginia 22747

> RE:  *Gibson v. Konick, et al.*, C.A. No. 2022-1036-LWW

Dear Counsel:

I write regarding defendant David L. Konick's motion for reargument under Court of Chancery Rule 59(f).[1]  Konick's motion concerns my July 10, 2024 post-trial memorandum opinion (the "Opinion").[2]  In the Opinion, I granted dissolution of 23 West Bayard Street, LLC, ordered the sale of a Fenwick Island property, and appointed a liquidating trustee to oversee the winding up process.

"The manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to appeal."[3]  "To succeed and obtain reargument,

---

[1] Def.'s Rule 59(f) Mot. for Reargument (Dkt. 128) ("Mot.").

[2] Post-trial Mem. Op. (Dkt. 127) ("Mem. Op.").

[3] *Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008) (quoting *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)); *see* Ct. Ch. R. 59(f).

the moving party must demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law."[4]  "[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court[.]'"[5]

Konick's Rule 59(f) motion includes five arguments.  None meet his "heavy burden" for reargument.[6]  One justifies a minor clarification to the Opinion.

First, Konick argues that I "failed to rule on the admissibility" of two joint exhibits and his "pending objections thereto."[7]  Not so.  Konick raised objections to the introduction of these exhibits in a February 9, 2024 motion in limine, which I denied in a February 26 order.[8]  I also allowed the exhibits to be introduced at trial and explained that the joint exhibits were deemed admitted into evidence.[9]

---

[4] *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (citation omitted), *aff'd*, 984 A.2d 124 (Del. 2009) (TABLE).

[5] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) (citation omitted), *aff'd*, 7 A.3d 485 (Del. 2010); *see Brace Indus. Contr., Inc. v. Peterson Enters., Inc.*, 2018 WL 3360584, at *1 (Del. Ch. July 10, 2018) (quoting *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000)).

[6] *ITG Brands, LLC v. Reynolds Am., Inc.*, 2022 WL 16825874, at *1 (Del. Ch. Nov. 7, 2022) (quoting *ML/EQ Real Est.*, 2000 WL 364188, at *1); *see also Manti Hldgs., LLC v. Authentix Acquisition Co., Inc.*, 2019 WL 3814453, at *1 (Del. Ch. Aug. 14, 2019) (observing that motions for reargument are "rarely fruitful").

[7] Mot. ¶ 1.

[8] Dkts. 97, 117.

[9] Trial Tr. of Feb. 28, 2024 (Dkt. 120) at 43-52.

Second, Konick contends that I improperly "punted" the question of whether certain expenses are reimbursable to a liquidating trustee.[10] In the Opinion, I provided guidance on expenses for which the parties could be reimbursed out of the property sale proceeds.[11] Consistent with the remedial powers of this court, I delegated the task of reimbursing specific expenses—"consistent with [the Opinion] and the LLC Agreement"—to a liquidating trustee.[12] Konick cites nothing factually or legally erroneous with that approach. He complains that it creates an "unfair" expense and burden for the parties because the court could technically provide the same service for free. But he overlooks the Opinion's discussion of the burdens this task would place on the court.[13]

Third, Konick asserts that it was error for the court to find deadlock between the parties after concluding that their ownerships were 60.51% (Konick) and 39.49% (Gibson).[14] The Opinion explained that the adjusted ownership percentages "would have no effect on the present deadlock insofar as 2/3 or unanimous member consent

---

[10] Mot. ¶ 1.

[11] Mem. Op. 24-26.

[12] *Id.* at 30.

[13] *Id.* at 29-30.

[14] Mot. ¶ 2.

is required."[15]  Thus, Konick rehashes arguments that were previously made and rejected by the court, which is not grounds for reargument.[16]

Konick points out that the court's holding could be read to support an "absurd result" where minority members can "force a dissolution of a company anytime [sic] they disagree with what the majority wants to do."[17]  Given the unusual facts of this case, it is difficult to imagine that it will be instructive in future dissolution disputes. The matter exists at the unmapped intersection of entity and family law.  The company at issue had no operations or business and just one asset: a beach house, purchased at a time when the parties were a couple.  The governing agreement was drafted by Konick—an attorney—who told his former romantic partner that it was standard despite adding "zingers" that would financially devastate her.[18]  He refused to buy her out, to let her access the property, or even to speak to her civilly.  The parties' ugly breakup meant that they could no longer share a vacation home—the intended purpose of the entity.  Equity provides a means to exit.

---

[15] Mem. Op. 16.

[16] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *1 (Del. Ch. July 26, 2017) ("Where a motion for reargument 'merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied.'" (quoting *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016))).

[17] Mot. ¶ 2.

[18] Mem. Op. 10.

Fourth, Konick asks that the court clarify whether Gibson can seek payment for services she contributed to the company.[19]  In the Opinion, I explained that the LLC Agreement lacks support for Konick's request "to recover for personal or renovation-related services."[20]  I did not specify that Gibson also cannot obtain payment for services to the entity.  If there is any doubt, let me clarify: the LLC Agreement does not permit Konick or Gibson to be paid for "sweat equity," personal services, or legal advice.

Fifth, Konick argues that I "failed to rule" on the request in his post-trial brief "for a stay pending appeal."[21]  He has neither pursued an interlocutory appeal nor made a motion for such relief.  That may be because no order implementing the Opinion has been filed.  Having resolved the motion for reargument, I ask that the parties and liquidating trustee to confer on a proposed form of order to implement the Opinion.  This is needed in addition to the proposed order of appointment filed by the liquidating trustee.  The court will take up any request for a stay pending appeal when ripe.

---

[19] Mot. ¶ 3.

[20] Mem. Op. 26-28.

[21] Mot. ¶ 4.

Gibson asks that I shift fees because Konick's motion is baseless—"a recurring pattern for Konick in this case."[22] Konick has repeatedly peppered Gibson (and the court) with needless—and even frivolous—motions. This is not one of them. Konick timely sought reargument of a post-trial decision, as he is permitted to do under Court of Chancery rules. His arguments are meritless but lack any suggestion of bad faith. As I have warned in the past, though, the court stands willing to shift fees if Konick's conduct crosses the line into vexatiousness. He is quite close.

## III. CONCLUSION

Konick's motion for reargument is denied, except for the narrow clarification made above. Each party will bear their own fees in connection with the motion. A proposed order implementing the Opinion must be filed within five business days. IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

cc: Seth L. Thompson, Esquire

---

[22] Pl.'s Opp'n to Def.'s Rule 59(f) Mot. for Reargument (Dkt. 131) ¶ 13.