# SUPERIOR COURT
#### OF THE
# STATE OF DELAWARE

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE: (302) 255-0626

Submitted:  November 6, 2024
Decided: January 30, 2025

Thad J. Bracegirdle, Esquire
600 N. King Street
Suite 400
Wilmington, DE 19899

Samuel T. Hirzel, II, Esquire
Elena M. Sassaman, Esquire
300 Delaware Avenue
Suite 200
Wilmington, DE 19801

RE: **TAKRAF USA, Inc. v. FMC Technologies, INC.**
   **C.A. No.: N24C-01-090 VLM CCLD**

Counsel:

This case arises from a dispute over indemnification obligations under an Asset Purchase Agreement following the settlement of third-party claims regarding a defective material handling system.  On November 6, 2024, the Court heard oral arguments on Defendants' Motion for Reargument ("the Motion").  After consideration of all pleadings, for the reasons stated herein, the Motion is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

A detailed recitation of the facts has been set forth in this Court's Memorandum Opinion denying Defendants' Motion to Dismiss.[2]  For purposes of the present Motion, the relevant facts and procedural history are as follows:

In late 2016, TAKRAF USA, Inc. ("TAKRAF") and FMC Technologies, Inc. ("FMC") entered into an Asset Purchase Agreement ("APA"), through which

---

[1] Unless otherwise noted, this Court's recitation is drawn from Plaintiff's Amended Complaint ("Am. Compl.") and all documents the parties incorporated by reference. D.I. 7.

[2] For a more detailed recitation of the facts, *see* Memorandum Opinion, D.I. 15 ("Memo Op.").

1

TAKRAF purchased substantially all of FMC's assets.[3]  Under the APA, TAKRAF assumed all liabilities and obligations of FMC as of the Closing Date, including those existing under a purchase order between FMC and Haskell/Davis Joint Venture ("HDJV").[4]  Section 6.9 of the APA contained FMC's representation that it was "in compliance with the provisions [of the HDJV Contract], no party is in default of performance, observance or fulfillment of any material obligation."[5]  Section 14.2 of the APA obligated FMC to indemnify TAKRAF for losses resulting from breaches of representations or warranties,[6] while Section 14.1 extended the statute of limitations period by 60 days.[7]

HDJV first advised TAKRAF of performance issues with the material handling system ("MHS") in October 2018 and delivered a formal notice of breach in June 2019.[8]  TAKRAF provided FMC with formal notice of the alleged breach in April 2020, followed by a second notice in May 2020.[9]  Before the end of 2020, HDJV initiated litigation against TAKRAF, alleging deficiencies in the MHS that FMC had designed and manufactured.[10]

On January 4, 2023, HDJV and TAKRAF settled their dispute.[11] Their Settlement Agreement reflects release of both TAKRAF and FMC, and that the allegations focused on FMC's design and procurement decisions that occurred prior to delivery of the MHS.[12]

---

[3] Am. Compl. ¶ 14.

[4] *Id.*, Ex. 2 ("APA") § 2.1.

[5] *Id.* § 6.9.

[6] Section 14.2 provides in part: "Indemnification by [FMC]. 'Seller Liabilities' shall mean all Losses resulting from, arising out of, or incurred by [TAKRAF]. . . after the Closing Date in connection with (i) any breach of any of the representations or warranties made by [FMC] in this Agreement[.]" *Id.* § 14.2.

[7] *Id.* § 14.1.

[8] Am. Compl. ¶ 20.

[9] *Id.* ¶ 21–22.

[10] *Id.* ¶ 23.

[11] *Id.* ¶ 33.

[12] *Id.*, Ex. 3 § 3 ("Settlement Agreement").

2

TAKRAF then demanded payment from FMC for its settlement of HDJV's claim.[13] After FMC failed to oblige, TAKRAF filed this action against FMC asserting breach of representations and warranties in the APA and seeking indemnification under Section 14.2.[14] On August 28, 2024, the Court denied FMC's Motion to Dismiss.[15] FMC moved for reargument under Superior Court Rule 59,[16] TAKRAF filed its opposition,[17] oral arguments were heard, and the matter is now ripe for decision.

## STANDARD OF REVIEW

A motion for reargument permits a trial court to reconsider its findings of fact, conclusions of law, or judgment.[18] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[19] The moving party has the burden to demonstrate that the Court must correct an error of law or prevent manifest injustice deriving from its judgment.[20] "A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court."[21] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would affect the outcome of the decision" challenged.[22]

---

[13] Am. Compl. ¶ 25.

[14] *See generally id.*

[15] *See* Memo Op.

[16] *See generally* Def's Mot. for Reargument, D.I. 16 (hereinafter, "Mot.").

[17] *See generally* Pl.'s Opp'n to Mot. for Reargument, D.I. 17.

[18] *See Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008) ("A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusion of law, or judgment.") (internal citations omitted).

[19] *Kostyshyn v. Comm'rs of Town of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).

[20] *See Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969) ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors").

[21] *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Aug. 27, 2015) (citing cases).

[22] *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Aug. 9, 2000).

## DISCUSSION

FMC moves for reargument on two grounds: first, that the Court misapprehended TAKRAF's claim as one for indemnification rather than breach of contract, and second, that the Court consequently applied an incorrect accrual date for the statute of limitations.[23] FMC maintains TAKRAF's claim is fundamentally one for breach of contract, not indemnification, notwithstanding the use of "indemnification" in the APA.[24] In support of reargument, it cites to *Certainteed*, wherein the Court of Chancery determined that a contractual term of "indemnification" bore no direct relation to common law indemnification.[25] This reliance is misplaced.

In *Certainteed*, the Court of Chancery distinguished between different categories of claims brough under that asset purchase agreement.[26] The plaintiff sought broad indemnification encompassing three distinct categories: defective products, environmental problems, and failure to obtain required tests.[27] Notably, the Court analyzed each category separately, recognizing that different principles of claim accrual and tolling applied based on the nature of the underlying claim rather than the contractual label of "indemnification."[28] There, when the plaintiff attempted to advance a "last dollar" theory for all indemnification claims,[29] the Court rejected this blanket approach.[30] Instead, that Court held that only claims for losses resulting from liability to a third party would accrue at the time when the last dollar of loss was ascertainable.[31]

Here, TAKRAF's claim falls squarely within the category that *Certainteed* identified as true third-party indemnification. TAKRAF seeks indemnification

---

[23] *See* Mot. at 4.

[24] *Id.*

[25] *Id.* (citing *Certainteed Corp. v. Celotex Corp.*, 2005 WL 217032 (Del. Ch. Jan. 24, 2005)).

[26] *Certainteed*, 2005 WL 217032 at *1.

[27] *Id.* at *2.

[28] *Id.* at *3–5.

[29] *Id.* at *5 ("CertainTeed argues that, under its theory, indemnification claims could be brought when the first dollar of loss is sustained, but the statute of limitations would not begin to run until the last dollar of loss is sustained.").

[30] *Id.*

[31] *Id.*

specifically for losses arising from third-party liability to HDJV,[32] which centered on FMC's design and procurement decisions as reflected in the Settlement Agreement.[33] This mirrors the "classic claim for third-party indemnification" that *Certainteed* found timely—where the plaintiff sought recovery for liabilities incurred from settling third-party claims.[34]

Moreover, *Certainteed* explicitly recognized that in cases of true third-party indemnification, the claim does not accrue until the underlying third-party dispute is resolved.[35] This principle directly supports this Court's treatment of TAKRAF's claim. Just as that Court found the product liability claims did not accrue until settlement with the affected parties,[36] TAKRAF's indemnification claim properly accrued upon resolution of the HDJV claims through the Settlement. *CertainTeed* was not overlooked and, in fact, reinforces this Court's prior ruling.

Accordingly, FMC's next argument that as a breach of contract claim, TAKRAF's action should accrue from the time of the alleged breach is unconvincing.[37] The Court has already found that the three-year sixty-day survival period in Section 14.1 of the APA governs.[38] That clock started running only when TAKRAF could be confident any claim against it has been "resolved with certainty,"[39] which is when it reached a settlement with HDJV.

FMC's arguments largely rehash positions this Court already considered and rejected. A motion for reargument is not a vehicle to relitigate matters already fully addressed by the Court.[40] FMC does not identify any controlling precedent or legal

---

[32] *See* Am. Compl. ¶ 45 ("The losses arising from the HDJV litigation are Seller Liabilities.").

[33] Settlement Agreement § 3; *id.* at Recitals.

[34] *Certainteed*, 2005 WL 217032, at *1.

[35] "Only if the underlying claim for contractual indemnification is actually a claim for losses resulting from liability to a third party (i.e., like a common law indemnity claim) will CertainTeed's claim accrue at the time when the last dollar of loss is ascertainable." *Certainteed*, 2005 WL 217032, at *5.

[36] *Id.*

[37] Mot. at 5–6.

[38] *See* Memo Op. at 13 ("Here, FMC correctly notes that Section 14.1 subjects TAKRAF's claims against FMC to a three-year and sixty-day survival period.").

[39] *Id.* *See also Brainin v. Stein Roe Inv. Counsel, LLC*, 2015 WL 4710321 (Del. Ch. July 31, 2015); *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 919 (Del. 2004).

[40] *Maravilla-Diego*, 2015 WL 5055955, at *1.

principle that this Court overlooked, nor does it demonstrate the Court misapprehended the law or facts in a way that would affect the outcome of its decision.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

Sincerely,

/s/ Vivian L.  Medinilla
Vivian L. Medinilla
Judge

cc:  Prothonotary-Civil